UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF CONNECTICUT

-----------------------------------------------------------X
COMMERCIAL UNION INSURANCE
COMPANY,                                                          Civil No. 3:03 CV 1046 (AWT)

                Plaintiff,

  -against-
                                                            March 26, 2004
FRANKLIN LORD and SHARON SHUMAN


                Defendants.
-----------------------------------------------------------X


COMMERCIAL UNION INSURANCE COMPANY
MEMORANDUM OF LAW




NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830


OF COUNSEL:

    David R. Hornig, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS .................................................................................................................................. 1

POINT I

    CHOICE OF LAW ................................................................................................... 1

POINT II

    THE DOCTRINE OF UBERRIMAE FIDEI OR
    UTMOST GOOD FAITH IN MARINE INSURANCE ........................................... 2

POINT III

    DEFENDANTS' FAILURE TO DISCLOSE THE PURCHASE
    PRICE IS A MATERIAL MISREPRESENTATION ............................................. 5

POINT IV

    DEFENDANTS' FAILURE TO DISCLOSE AGE OF HULL AND
    ENGINE IS A MATERIAL MISREPRESENTATION ......................................... 8

POINT V

    DEFENDANTS' FAILURE TO DISCLOSE THAT THE VESSEL
    WAS HOME BUILT AND WHERE THE VESSEL WAS BUILT
    IS A MATERIAL MISREPRESENTATION ......................................................... 9

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162
    (2d Cir. 1998)........................................................................................................... 1

Albany Ins. Co. v. Horak, 1994 A.M.C. 273 (E.D.N.Y. 1993) ........................................ 2, 7, 10

Albany Ins. Co. v. Wisniewski, 579 F. Supp. 1004 (D.R.I. 1984) ................................... 2, 3, 4, 6

Btesh v. Royal Ins. Co., Ltd. of Liverpool, 49 F.2d 720 (2d Cir. 1931)............................ 2, 4, 10

Carter v. Boehm, (1776) 3 Burr. 1905 ............................................................................. 2

Certain Underwriters at Lloyd v. Montford, 52 F.3d 219 (9th Cir. 1995)................................ 6, 8

Cusano v. Continental Cas. Co., 2002 A.M.C. 1499, 2002 WL. 31414126,
    (D. Conn.) ............................................................................................................... 7

DeLovio v. Boit, 7 Fed. Cas. 418 (C.C.D. Mass. 1815) .................................................... 1

Gulf Stream Cargo, Ltd. v. Reliance Insurance Co., 409 F.2d 974
    (5th Cir. 1969)......................................................................................................... 10

Hartford Insurance Company v. Garvey, 1989 A.M.C. 652, 1988 WL 185880,
    6 (N.D. Cal. 1989)................................................................................................... 7, 9

Insurance Co. v. Dunham 78 U.S. (11 Wall) 1 (1870) ..................................................... 1

King v. Aetna Insurance Co., 54 F.2d 253, 255 (2d Cir. 1931)........................................ 5, 9

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986) .................................................... 2, 4, 5

McLanahan v. Universal Ins. Co., 26 U.S. (1 Pet.) 170, 185 (1828)................................. 3

Morton v. Home Insurance Co., 299 N.Y.S.2d 642, 643, 32 A.D.2d 621, (1969) ............ 6

Pacific Insurance Co. v. Kent, 120 F.Supp. 2d 1205 (C.D. Calif. 2000).......................... 7

Puritan Ins. Co. v. Eagle S.S. Co. S.A., 779 F.2d 866, 870 (2d Cir. 1985) ....................... 4

Reliance Ins. Co. v. Certain Member Companies, Inst. of London Underwriters,
    886 F. Supp. 1147 (S.D.N.Y.), aff'd, 99 F.3d 402 (2d Cir. 1995)............................. 3

Rocco v. Continental Insurance Company, 2003 A.M.C. 1237, 2003 WL 21235478
    (Conn.Super.) ................................................................................................................. 7

Royal Ins. Co. of Am. v. Cathy Daniels, Ltd., 684 F. Supp. 786 (S.D.N.Y. 1988) .................. 2, 4

Royal Insurance Company of America v. Fleming, 1986 A.M.C. 2077 (M.D. Fla 1985) ........... 8

Stecker v. American Home Fire Assurance Co., 299 N.Y. 1, 6, 84 N.E.2d 797, 798-99
    (1949) ............................................................................................................................ 6

Sun Mutual Insurance Co. v. Ocean Insurance Co., 107 U.S. 485 (1883) .............................. 2, 5

Sundance Cruises Corp. v. American Bureau of Shipping, 7 F.3d 1077, 1080
    (2d Cir. 1993) ............................................................................................................. 1, 2

Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F.2d Supp. 405, 426
    (S.D.NY 1984) ............................................................................................................... 9

Wilburn Boat Co. v. Fireman's Fund Ins., 348 U.S. 310, 319-21, (1955) .................................. 1

## PRELIMINARY STATEMENT

In this action Commercial Union Insurance Company ("Commercial Union") seeks a judicial determination that the policy issued to Franklin Lord and Sharon Shuman is void from inception on the grounds of numerous nondisclosures of material facts and material misrepresentation of material facts in violation of the doctrine of uberrimae fidei. The defendants' failure to meet this standard in applying for marine insurance policy entitles the underwriter to void the policy ab initio.

## FACTS

The undisputed facts in this action are set forth in the Hornig Affidavit and the Local Rule 56(a) 1 Statement and will not be set forth at length herein.

## POINT I

## CHOICE OF LAW

The origins of marine insurance can be traced to the pre-Roman times with certain early documentation that dates back as far as 2300 B.C.[1] During the past four (4) millennia certain principles have developed that are well recognized in the field of marine insurance. In the United States, the foundation of the law of marine insurance is federal maritime law, see Insurance Co. v. Dunham 78 U.S. (11 Wall) 1 (1870); DeLovio v. Boit, 7 Fed. Cas. 418 (C.C.D. Mass. 1815) (No. 3776). Absent a specific federal rule, federal courts look to state law for principles governing maritime insurance policies, see Wilburn Boat Co. v. Fireman's Fund Ins., 348 U.S. 310, 319-21, (1955), and apply federal maritime choice of law rules to determine which state's law to apply, see Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir. 1998); Sundance Cruises Corp. v. American Bureau of Shipping, 7 F.3d 1077, 1080 (2d Cir.

---

[1] D. McKellar, 16 V.U.W.L. Rev. 161, 161-162 (1986).

1993). There are specific federal rules governing the doctrine of <u>uberrimae fidei</u>. Thus, the Court must apply federal admiralty principles to this action.

## POINT II

### THE DOCTRINE OF UBERRIMAE FIDEI OR UTMOST GOOD FAITH IN MARINE INSURANCE

Implicit in every marine insurance contract is a duty imposed on the applicant for insurance to fully and completely disclose all aspects of the risk to be insured, which the applicant reasonably believes to be material to the insurer's decision to underwrite the risk. This obligation was recognized in as early as 1776 when Lord Mansfield stated: "Good faith forbids either party, by concealing what he privately knows, to draw the other into a bargain from his ignorance of that fact, and from his believing to the contrary." <u>Carter v. Boehm</u>, (1776) 3 Burr. 1905. It is clear from the testimony and exhibits that Commercial Union was not given a full and complete disclosure of all material aspects concerning the WANDERLUST. The consequences that flow form this failure are governed by the doctrine of <u>uberrimae fidei</u>,[2] or utmost good faith. <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9 (2d Cir. 1986), <u>cert. denied</u>, 480 U.S. 932 (1987); <u>Sun Mutual Insurance Co. v. Ocean Insurance Co.</u>, 107 U.S. (17 Otto) 485 (1883); <u>Btesh v. Royal Ins. Co., Ltd. of Liverpool</u>, 49 F.2d 720 (2d Cir. 1931); <u>Albany Ins. Co. v. Horak</u>, 1994 A.M.C. 273 (E.D.N.Y. 1993); <u>Royal Ins. Co. of Am. v. Cathy Daniels, Ltd.</u>, 684 F. Supp. 786 (S.D.N.Y. 1988); <u>Albany Ins. Co. v. Wisniewski</u>, 579 F. Supp. 1004 (D.R.I. 1984).

Because of the very nature of marine insurance, the marine insurance contract is said to be "conceived in the utmost good faith and incubated in a legal environment which

---

[2] The classic definition of the Latin phrase <u>uberimae fidei</u> is: The most abundant good faith; absolute and perfect candor or openness and honesty; the absence of any concealment or deception; however slight. A phrase used to express the perfect good faith, concealing nothing, with which a contract must be made; for example, in the case of insurance, the insured must observe the most perfect good faith towards the insurer. Black's Law Dictionary 1691 (4th Edition 1951).

2

transcends the sharper practices of the world of commerce." Wisniewski, 579 F. Supp. at 1014. In other words, the "don't ask, don't tell" practice, which can form the legal standard for disclosure in other areas of insurance, has no place in the marine insurance business.

The doctrine of utmost good faith which developed centuries ago has been strictly adhered to in the United States. McLanahan v. Universal Ins. Co., 26 U.S. (1 Pet.) 170, 185 (1828). The principle's continued vitality has been made abundantly clear by the Second Circuit. The reason for its continued survival was succinctly stated in Reliance Ins. Co. v. Certain Member Companies, Inst. of London Underwriters, 886 F. Supp. 1147 (S.D.N.Y.), aff'd, 99 F.3d 402 (2d Cir. 1995):

> [M]arine insurance contracts are unlike other arms-length commercial transactions in that marine insurance binders are often signed "on trust," and are often bound even where significant information has not been provided.

Id. at 1152-53.

Moreover, the circumstances of the present case further demonstrate the need for a heightened standard of disclosure on the part of applicants for marine insurance. In this case, the underwriter bound the risk on the representation that he was insuring a newly purchased 2000 Kanter yacht built in Ontario, Canada that was being insured for the purchase price paid by the defendant for a finished vessel. The insurance contracts was, therefore, issued on faith and in the belief that the risk as it had been described throughout the application process was accurate. As discussed below and in the 9(c) Statement of Undisputed Facts, the actual risk insured was never disclosed to underwriters despite Defendants' obligation to do so.

The doctrine of uberrimae fidei requires that the applicant for marine insurance must spontaneously disclose to the insurer all facts material to the risk when applying for the

3

coverage, even if the insurer fails to inquire. Knight, 804 F.2d at 13; Wisniewski, 579 F.Supp at 1016; Cathy Daniels, 684 F.Supp. at 792. The sole purpose of the duty is to place the underwriter in the same position as the applicant when evaluating the risk to be insured, as "the underwriter often has no practicable means of checking on either the accuracy or the sufficiency of the facts furnished to him by the assured before the risk is accepted and the premium and conditions set." Gilmore & Black, The Law of Admiralty §2-6 (2d ed. 1975).

In Knight, the United States Court of Appeals for the Second Circuit explained the duty as follows:

> It is well-established under the doctrine of uberrimae fidei that the parties to a marine insurance policy must accord each other the highest degree of good faith. Puritan Ins. Co. v. Eagle S.S. Co. S.A., 779 F.2d 866, 870 (2d Cir. 1985). This stringent doctrine requires the assured to disclose to the insurer all known circumstances that materially affect the risk being insured. Since the assured is in the best position to know of any circumstances material to the risk, he must reveal those facts to the underwriter, rather than wait for the underwriter to inquire. Id. The standard for disclosure is an objective one, that is, whether a reasonable person in the assured's position would know that the particular fact is material. Btesh v. Royal Ins. Co., 49 F.2d 720,721 (2d Cir. 1931). To be material, the fact must be 'something which would have controlled the underwriter's decision' to accept the risk. Id. The assured's failure to meet this standard entitles the underwriter to void the policy ab initio. Puritan Insurance Co., 779 F.2d at 870-71.

Knight, 804 F.2d at 13. (Emphasis added).

The leading Supreme Court case on the doctrine of utmost good faith describes the insured's obligation to disclose as follows:

> The insured will not be allowed to protect himself against the charge of an undue concealment, by evidence that he had disclosed to the underwriters, in general terms, the information he possessed. Where his own information is specific, it must be communicated in the terms in which it

4

> was received. General terms may include the truth, but fail to convey it with its proper force and in all its extent. Nor will the assured be permitted to urge, as an excuse for his omission to communicate material facts, that they were actually known to underwriters, unless it appears that their knowledge was as particular and full as his own information. It is the duty of the assured to place the underwriter in the same situation as himself; to give to him the same means and opportunity of judging the value of the risks; and when any circumstances is withheld, however, slight and immaterial it may have seemed to himself, that, if disclosed, would have probably influenced the terms of the insurance, the concealment vitiates the policy.

Sun Mut. Ins. Co. v. Ocean Ins. Co., 107 U.S. 485 (1883) (emphasis added).

The Court as a matter of law can determine that certain non-disclosures and/or misrepresentations are material and therefore that summary judgment is appropriate. Knight, 840 F.2d at 14; King v. Aetna Insurance Co., 54 F.2d 253, 255 (2d Cir. 1931).

### POINT III

### DEFENDANTS' FAILURE TO DISCLOSE THE PURCHASE PRICE IS A MATERIAL MISREPRESENTATION

Courts have uniformly held that the actual purchase price and/or value of a vessel is a material fact, and the insured's failure to disclose such information entitles the insurer to avoid the policy ab initio.

The failure to disclose the purchase price paid for a vessel and thereafter requesting coverage many times greater than the purchase price was held to be valid grounds for rescinding a marine policy in King v. Aetna Insurance Co., 54 F.2d 253 (2d Cir. 1931). Similarly, the failure to disclose the purchase price of a vessel for $69,000.00 which was then insured for $1,500,000.00 was held as a matter of law to be a material misrepresentation in Albany Insurance Company v. Wisniewski, 579 F. Supp 1004 (D. R.I 1984). The court further noted that:

5

> The doctrines of (1) misrepresentation and (ii) concealment (*nomen alienum* nondisclosure) occupy neighboring roles in the law governing the avoidance of marine insurance contracts. *See* 2J. Arnold, *supra*, at § 551; L. Buglass, *supra*, at 23-27; G. Gilmore & C. Black, *supra*, at 62. The insured is bound, even absent inquiry, to reveal every fact within his knowledge, which is material to the risk. Stecker v. American Home Fire Assurance Co., 299 N.Y. 1, 6, 84 N.E.2d 797, 798-99 (1949). And, "[t]he obligation to disclose includes the duty not to misrepresent." Morton v. Home Insurance Co., 299 N.Y.S.2d 642, 643, 32 A.D.2d 621, 621 (1969). Distortion of the factual underpinnings upon which the contract of marine insurance rests, fairly attributable to the insured, cedes to the insurer a right to rescind, irrespective of whether the warp is brought about by knowing concealment of relevant facts or by outright misrepresentation.

Id. at 1014-15

When an application for a marine insurance policy requests the "purchase price" of a vessel, the insured must disclose this amount, not some other value such as present market value or a value after making improvements. When the underwriter seeks disclosure of the vessel's purchase price in an application for marine insurance, such a request is "unquestionably a fact material to the risk." Certain Underwriters at Lloyd v. Montford, 52 F.3d 219 (9th Cir. 1995) (Application stated that purchase price of vessel was $925,000.00 when in fact the insured paid less than $500,000.00. The insured claimed that market value was $925,000.00. This argument was rejected and the Court found that as a matter of law a material misrepresentation had been made by the insured).

In Rocco v. Continental Insurance Company, 2003 A.M.C. 1237, 2003 WL 21235478 (Conn.Super.) a Connecticut State court, applying federal admiralty law, held that an owner of a vessel purchased for $65,000.00 made a material misrepresentation when he stated that the purchase price was $125,000.00 on an application for marine insurance. Based on this

6

material non-disclosure made in the application, the policy was rendered void <u>ab initio</u>. See also, <u>Hartford Insurance Company v. Garvey</u>, 1989 A.M.C. 652, 1988 WL 185880, *6 (N.D. Cal. 1989) ("the over-valuation of the insured's vessel by the insured is a material misrepresentation of material facts and voids the policy because it increases the risk, provides an inducement to insurance fraud, and changes the object of the insurance from indemnity to an outright gamble at stakes greatly favoring the insured."); <u>Albany Insurance Company v. Horak</u>, 1984 A.M.C. 273 1993 WL 269620 (E.D.N.Y.1993) (failure to disclose to insurance company amount paid for boat that insured later invested significant labor and material found to be a material misrepresentation – policy void <u>ab initio</u>); <u>Cusano v. Continental Cas. Co.</u>, 2002 A.M.C. 1499, 2002 WL. 31414126, (D. Conn.) (the failure to disclose that new engines with a greater value then the replaced engines, thus increasing the value of the vessel, was held to be a material misrepresentation giving the insurer the right to void the policy from inception); and <u>Pacific Insurance Co. v. Kent</u>, 120 F.Supp. 2d 1205 (C.D. Calif. 2000) (Marine insurance application's request for "purchase price" unambiguously referred to price paid for boat, not to applicant's subjective view of market value of boat, and applicant's knowing misstatement of amount he had paid for boat constituted misrepresentation).

## POINT IV

### DEFENDANTS' FAILURE TO DISCLOSE AGE OF HULL AND ENGINE IS A MATERIAL MISREPRESENTATION

The IMIS Application for marine insurance specifically requested that the defendants disclose the age of the engine and the vessel. In response to each request on the Application the defendant's stated that the engine and the vessel were "2000". The defendants undeniably knew that both the engine and the vessel were in existence in 1996 when Lord motored the "seaworthy" vessel from Deltaville, Virginia to Rhode Island. The defendants

7

actually knew, or with minimal inquiry would have known, that both the engine and the vessel's hull were fifteen to seventeen years old at the time Lord signed the Application.

The failure to disclose the age of a vessel and/or engine and/or representing they are of a different vintage, has been held as a matter of law to be a valid grounds for rescinding a marine insurance policy. A marine insurance policy can be rescinded where the insured makes misrepresentation, discloses half-truth, conceals facts or fails to disclose all material facts. Whether the failure to disclose all material facts is done knowingly and intentionally or otherwise – the insurer is nonetheless is entitled to declare the policy void ab initio. In <u>Certain Underwriters at Lloyds v.Montford</u> 52 F.3d 219 (9th Cir. 1995) the applicant stated that the vessel was built in 1983. In fact the hull had been laid in 1980. The insured's use of 1983 as the age of the vessel because that is when it was "custom finished." The Court found that the insured had made a material misrepresentation with regard to the age of the vessel. See also, <u>Royal Insurance Company of America v. Fleming</u>, 1986 A.M.C. 2077 (M.D. Fla 1985) (failure of insured to disclose true age of vessel voids policy of marine insurance based on doctrine of *uberrimae fidei*).

**POINT V**

**DEFENDANTS' FAILURE TO DISCLOSE THAT THE VESSEL
WAS HOME BUILT AND WHERE THE VESSEL WAS BUILT
IS A MATERIAL MISREPRESENTATION**

The IMIS Application for marine insurance specifically states that the builder was "Kanter" and that the vessel was built at "Ontario, Canada." Furthermore on the IMIS application signed by Franklin Lord it indicated that the vessel was a "new purchase." These disclosures would reasonably cause an underwriter to assume that the defendants were seeking coverage for a newly built vessel manufactured by a reputable Canadian builder. In fact, Lord

had personally spent 4 ½ years completing the custom building of the vessel and knew that these representations were false, misleading, or half-truths intended to conceal the fact the defendants were seeking coverage for an old, home built vessel of unknown condition.

Whether a misrepresentation of a material fact or non-disclosure of a material fact is done intentionally with the intent to deceive or is the result of a mistake, accident, or was the result of forgetfulness or inadvertence is irrelevant. Regardless of intent, misrepresentation or non-disclosure permits the insurer to rescind or void the policy ab initio. King v. Aetna Insurance Co., 54 F.2d 253 (2nd Cir. 1931); Hartford Insurance Co. v. Garvey, 1998 AMC 652, 1988 WL 185880 (N.D. Calif 1998); Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F.2d Supp. 405, 426 (S.D.NY 1984); 45 C.J.S. Insurance §645 a.

The party applying for marine insurance is required to communicate to the underwriter all circumstances known to him which would materially affect a risk. These facts must be communicated to the insurer before the policy is issued, so that the insurer can decide for itself at that time whether to bind coverage. This obligation is not burdensome on the party seeking insurance and it comports with the open disclosure required under the doctrine of uberrimae fidei. Btesh v Royal Insurance Co., Ltd. of Liverpool, 49 F.2d 720 (2nd Cir. 1931). The failure to disclose the condition of the vessel including when and where the vessel was built and the identity of the builder is a basis for voiding a marine insurance policy ab initio. Gulf Stream Cargo, Ltd. v. Reliance Insurance Co., 409 F.2d 974 (5th Cir. 1969); Albany Insurance Co. v. Horak, 1994 AMC 273 (E.D.N.Y. 1993) (failure to disclose that applicant had invested significant labor and materials in restoring vessel).

In the present case, the defendants failed to disclose material facts known to them regarding the construction of the vessel. In particular, defendants failed to disclose or actually

9

concealed who built and completed the vessel, where it was built and completed and when and over how long a period of time the vessel was under construction. Moreover, the application gives the appearance that the defendants were seeking insurance coverage for a newly purchased vessel built by a reputable Canadian manufacturer of seagoing sailboats.

Franklin Lord and Sharon Shuman did not disclose to Commercial Union that they purchased the vessel in 1996 for $48,000.00; did not disclose that the hull was seventeen (17) years old; did not disclose that the engine was fifteen (15) to sixteen (16) years old; did not disclose that the vessel was not built by Kanter, with the exception of the seventeen (17) year old hull; did not disclose that the vessel was home built by Sal Messina, Franklin Lord, Sharon Shuman and others; did not disclose that the vessel had been operated in the ocean on a voyage from Virginia to Rhode Island in 1996; did not disclose how they established a value of $450,000.00; did not disclose that a value of $450,000.00 exceeded the amount the defendants paid for the partially completed hull ($48,000.00) and the value of material and equipment they claimed was purchased and installed by more than $100,000.00; did not disclose that the vessel had not been built in Ontario, Canada; did not disclose that the boat had been home built in New Jersey, Virginia and Rhode Island; did not disclose the date that had purchased the vessel from Sal Messina; did not disclose that the vessel was not a new purchase from Kanter; and did not disclose that the vessel was not built according to Kanter plans and never inspected or surveyed. Any one of these factors, standing alone, constitutes a material misrepresentation as a matter of law. All of the misrepresentations added together evidence a clear intent by the defendants to deceive Commercial Union in obtaining a policy of marine insurance which otherwise would not have been issued.

## **CONCLUSION**

Based on the material nondisclosure of facts and the material misrepresentation made by the defendants the policy issued by Commercial Union is void <u>ab</u> <u>initio</u>.

THE PLAINTIFF,
COMMERCIAL UNION INSURANCE COMPANY

By: /s/ David R. Hornig
David R. Hornig, Esq.
Ct Bar No.: ct06120
NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Wall Street Plaza, 88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone No.: (212) 220-3838
Telefax No.: (212) 220-3784
(File No.: 10000379 DRH)

## CERTIFICATION OF SERVICE

This is to certify that the foregoing COMMERCIAL UNION INSURANCE COMPANY MEMORANDUM OF LAW was mailed and/or faxed on this date to the following:

> James J. Schultz, Esq.
> LAW OFFICES OF JAMES J. SCHULTZ
> 164 Belridge Road
> New Britain, Connecticut 06053
>
> Robert K. Marzik, Esq.
> LAW OFFICES OF
>  ROBERT K. MARZIK, P.C.
> 1512 Main Street
> Stratford, Connecticut 06615
>
> FRANKLIN LORD, *Pro Se*
> 177-A Bimini Drive
> Palmetto, Florida 34221

Dated: New York, New York
       March 26, 2004

_____
DAVID R. HORNIG
CT Bar No.: ct06120