UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------X
COMMERCIAL UNION INSURANCE
COMPANY,                                                    Civil No. 3:03 CV 1046 (AWT)

              Plaintiff,
                                                          March 26, 2004
     -against-

FRANKLIN LORD and SHARON SHUMAN

              Defendants.
------------------------------------------------------------X


**NOTICE TO *PRO SE* LITIGANT OPPOSING MOTION
FOR SUMMARY JUDGMENT**


       Plaintiff, Commercial Union Insurance Company ("CU"), by its attorneys Nicoletti Hornig Campise Sweeney & Paige, set forth to Franklin Lord who is appearing *pro se* the following notice regarding opposing the motion for summary judgment as required by Local Rule of Civil Procedure 56(b) for the United States District Court for Connecticut:

       The purpose of this notice, which is required by the Court, is to notify you that the plaintiff has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The plaintiff argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

       The plaintiff's motion may be granted and your claims may be dismissed without further notice if you do not file papers as required by Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of Civil Procedure. Copies of these rules are attached to this notice, and you should review them very carefully.

The papers you file must show that (1) you disagree with the plaintiff's version of the facts; (2) you have evidence contradicting the plaintiff's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the plaintiff's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a Notary Public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claim.

If you fail to submit evidence contradicting the plaintiff's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read plaintiff's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the plaintiff's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the plaintiff's motion, including how you must respond to specific facts the plaintiff claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)). If you fail to follow these instructions, the plaintiff's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the plaintiff's counsel within twenty (21) days of the filing of the plaintiff's motion with the Clerk of the Court. The twenty (21) day period is extended an additional three (3)

days, if any, of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the plaintiff's motion by mail or overnight delivery service).

Attached hereto is a copy of Rule 56 of the Local Rules of Civil Procedure and Rule 56 of the Federal Rules of Civil Procedure.

Dated: New York, New York
        March 26, 2004

        NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
        Attorneys for Plaintiff,
        COMMERCIAL UNION INSURANCE COMPANY

By: /s/ David R. Hornig
David R. Hornig, Esq.
CT Bar No.: ct06120
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone No.: (212) 220-3838
Telefax No.: (212) 220-3784
(FILE NO.: 10000379 DRH)

TO:

James J. Schultz, Esq.
LAW OFFICES OF JAMES J. SCHULTZ
164 Belridge Road
New Britain, Connecticut 06053

Robert K. Marzik, Esq.
LAW OFFICES OF ROBERT K. MARZIK, PC
1512 Main Street
Stratford, Connecticut 06615

Franklin Lord, Jr., *Pro se*
177-A Bimini Drive
Palmetto, Florida 34221

X:\Public Word Files\1\379\Legal\PRO SE NOTICE.mar.doc

# FEDERAL RULES OF CIVIL PROCEDURE

## FOR THE

## UNITED STATES DISTRICT COURTS

Amendments received to May 23, 2003

### TABLE OF RULES

|       |                                                                                | Rules   |
| ----- | ------------------------------------------------------------------------------ | ------- |
| I.    | SCOPE OF RULES—ONE FORM OF ACTION                                              | 1, 2    |
| II.   | COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS     | 3–6     |
| III.  | PLEADINGS AND MOTIONS                                                          | 7–16    |
| IV.   | PARTIES                                                                        | 17–25   |
| V.    | DEPOSITIONS AND DISCOVERY                                                      | 26–37   |
| VI.   | TRIALS                                                                         | 38–53   |
| VII.  | JUDGMENT                                                                       | 54–63   |
| VIII. | PROVISIONAL AND FINAL REMEDIES                                                 | 64–71   |
| IX.   | SPECIAL PROCEEDINGS                                                            | 71A–76  |
| IX.   | APPEALS                                                                        | 72–76   |
| X.    | DISTRICT COURTS AND CLERKS                                                     | 77–80   |
| XI.   | GENERAL PROVISIONS                                                             | 81–86   |

APPENDIX OF FORMS

SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS

### I. SCOPE OF RULES—ONE FORM OF ACTION

Rule
1. Scope and Purpose of Rules.
2. One Form of Action.

### II. COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

3. Commencement of Action.
4. Summons.
4.1. Service of Other Process.
5. Serving and Filing Pleadings and Other Papers.
6. Time.

### III. PLEADINGS AND MOTIONS

7. Pleadings Allowed; Form of Motions.
7.1. Disclosure Statement.
8. General Rules of Pleading.
9. Pleading Special Matters.
10. Form of Pleadings.
11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions.

Rule
### III. PLEADINGS AND MOTIONS—Cont'd

12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings.
13. Counterclaim and Cross-Claim.
14. Third-Party Practice.
15. Amended and Supplemental Pleadings.
16. Pretrial Conferences; Scheduling; Management.

### IV. PARTIES

17. Parties Plaintiff and Defendant; Capacity.
18. Joinder of Claims and Remedies.
19. Joinder of Persons Needed for Just Adjudication.
20. Permissive Joinder of Parties.
21. Misjoinder and Non-Joinder of Parties.
22. Interpleader.
23. Class Actions.
23.1. Derivative Actions by Shareholders.
23.2. Actions Relating to Unincorporated Associations.
24. Intervention.
25. Substitution of Parties.

### V. DEPOSITIONS AND DISCOVERY

26. General Provisions Governing Discovery; Duty of Disclosure.
27. Depositions Before Action or Pending Appeal.
28. Persons Before Whom Depositions may be Taken.
29. Stipulations Regarding Discovery Procedure.
30. Depositions Upon Oral Examination.
31. Depositions Upon Written Questions.
32. Use of Depositions in Court Proceedings.
33. Interrogatories to Parties.
34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes.
35. Physical and Mental Examinations of Persons.
36. Requests for Admission.
37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions.

### VI. TRIALS

38. Jury Trial of Right.
39. Trial by Jury or by the Court.
40. Assignment of Cases for Trial.
41. Dismissal of Actions.

be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**(d) Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**(e) Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This represents the joining of the equity decree *pro confesso* (former Equity Rules 12 (Issue of Subpoena—Time for Answer), 16 (Defendant to Answer—Default—Decree *Pro Confesso*), 17 (Decree *Pro Confesso* to be Followed by Final Decree—Setting Aside Default), 29 (Defenses—How Presented), 31 (Reply—When Required—When Cause at Issue)) and the judgment by default now governed by U.S.C., Title 28, [former] § 724 (Conformity act). For dismissal of an action for failure to comply with these rules or any order of the court, see Rule 41(b).

Note to Subdivision (a). The provision for the entry of default comes from the Massachusetts practice, 2 Mass.Gen. Laws (Ter.Ed., 1932) ch. 231, § 57. For affidavit of default, see 2 Minn.Stat. (Mason, 1927) § 9256.

Note to Subdivision (b). The provision in paragraph (1) for the entry of judgment by the clerk when plaintiff claims a sum certain is found in the N.Y.C.P.A. (1937) § 485, in Calif.Code Civ.Proc. (Deering, 1937) § 585(1), and in Conn.Practice Book (1934) § 47. For provisions similar to paragraph (2), compare Calif.Code, *supra*, § 585(2); N.Y.C.P.A. (1937) § 490; 2 Minn.Stat. (Mason, 1927) § 9256(3); 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 411(2). U.S.C., Title 28, § 1874, formerly § 785 (Action to recover forfeiture in bond) and similar statutes are preserved by the last clause of paragraph (2).

Note to Subdivision (e). This restates substantially the last clause of U.S.C., Title 28, [former] § 763 (Action against the United States under the Tucker Act). As this rule governs in all actions against the United States, U.S.C., Title 28, [former] § 45 (Practice and procedure in certain cases under the interstate commerce laws) and similar statutes are modified insofar as they contain anything inconsistent therewith.

#### Supplementary Note

Note. The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501 et seq. Section 200 of the Act [50 U.S.C. Appendix, § 520] imposes specific requirements which must be fulfilled before a default judgment can be entered, e.g., *Ledwith v. Storkan*, D.Neb.1942, 6 Fed.Rules Serv. 60b.24, Case 2, 2 F.R.D. 539, and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed.Rules Serv. 725; 3 *Moore's Federal Practice*, 1938, Cum.Supplement § 55.02.

#### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 56.   Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable as-

certain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

**Note to Subdivision (d).** See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

**Note to Subdivisions (e) and (f).** These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

#### 1946 Amendment

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco*, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.*, C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to

# RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Effective January 1, 2003
Including Amendments Received Through
October 1, 2003

---

*Research Note*

Use WESTLAW® to find cases citing a rule. WESTLAW may also be used to search for specific terms or to update a rule; see the CT-RULES and CT-ORDERS Scope Screens for further information.

Amendments to these rules are published, as received, in Atlantic Reporter 2d advance sheets.

---

*Table of Rules*

**LOCAL RULES OF CIVIL PROCEDURE**

Rule
1. Scope of Rules.
   (a) Title and Citation.
   (b) Effective Date.
   (c) Definitions.
2. (Reserved)
3. Commencement of Action.
   (a) Complaint.
   (b) Place of Filing; Number of Copies.
   (c) Statutory Fee.
   (d) In Forma Pauperis Motion.
4. Civil Process.
   (a) Issue and Service.
   (b) Service Copies.
   (c) Attachments and Pre-judgment Remedies.
5. Serving and Filing Pleadings and Other Papers.
   (a) Appearance.
   (b) Proof of Service.
   (c) United States a Party.
   (d) Sealed Documents.
   (e) Filing of Discovery Material.
   (f) Service by Facsimile Copy.
   (g) Three Judge Court.
6. Computation of Time.
7. Motion Procedures.
   (a) Procedures.
   (b) Motions for Extensions of Time.
   (c) Motions for Reconsideration.
   (d) Reply Briefs.
   (e) Withdrawal of Appearance.
8. Rules of Pleading.
   (a) Statement of the Claim.
   (b) Petitions Shall be Legible.
9. (Reserved).

Rule
10. Preparation of Pleadings.
    (a) Preparation of Pleadings.
11. Sanctions.
    (a) Motion for Attorneys' Fees and/or Sanctions.
12-15. (Reserved).
16. Status and Settlement Conferences and ADR.
    (a) Status Conferences.
    (b) Scheduling Orders.
    (c) Settlement Conferences.
    (d) Pretrial Order.
    (e) Trial Briefs.
    (f) Failure of Compliance.
    (g) Sanctions Against Counsel.
    (h) Alternative Dispute Resolution (ADR).
17-25. (Reserved).
26. Duty of Disclosure.
    (a) Definitions Applicable to Discovery Requests.
    (b) [Undesignated].
    (c) [Undesignated].
    (d) [Undesignated].
    (e) Parties' Planning Conference.
27-29. (Reserved).
30. Depositions.
    (a) Attendance.
    (b) Depositions.
    (c) Transcripts and Copies of Taped Depositions.
31-36. (Reserved).
37. Discovery Disputes.
    (a) Discovery Disputes.
38. (Reserved).
39. Designation of Bankruptcy Judges to Conduct Jury Trials.
40. Assignments.
    (a) Place of Assignment of Cases.
    (b) Individual Calendar System.
    (c) Assignment to Judge Upon Remand.

UNITED STATES DISTRICT COURT

Rule
41. Dismissal of Actions.
    (a) For Failure to Prosecute.
    (b) When Reported Settled to the Court.
42. Consolidation.
    (a) Consolidation of Cases.
43–46. (Reserved).
47. Selection of Jurors.
    (a) Examination of Jurors.
    (b) Peremptory Challenges.
48. Jury Panel.
    (a) Number of Jurors.
49–52. (Reserved).
53. Special Masters.
    (a) Creation of Panel of Special Masters.
    (b) Appointment of a Master.
    (c) Directives and Calendars of Special Masters.
    (d) May Sit Outside District.
    (e) Filing of Report.
    (f) Confirmation or Rejection of Masters' Report.
    (g) Compensation.
54. Taxation of Costs.
    (a) Procedure for Taxing Costs.
    (b) Objections to the Bill of Costs.
    (c) Items Taxable as Costs.
    (d) Review of the Clerk's Ruling.
55. (Reserved).
56. Summary Judgment.
    (a) Motions for Summary Judgment.
57–66. (Reserved).
67. Deposit of Funds in Court Registry.
    (a) Order for Deposit in Interest Bearing Account.
    (b) Orders Directing Investment of Funds by Clerk.
    (c) Release of Deposited Funds.
    (d) Registry Account.
68. Offer of Judgment.
69–71. (Reserved).
72–73. (See Local Rules for United States Magistrate Judges).
74–76. (Reserved).
77.1 Entry of Orders and Judgments.
    (a) By the Court.
    (b) By the Clerk.
    (c) Legal Holidays.
    (d) District Court Library.
    (e) Order or Judgment of Appellate Court.
78. (Reserved).
79. Docket Numbers.
80. Stenographer.
    (a) Reporter's Fees.
81. Proceedings to Which the Rules Apply.
    (a) Naturalization Sessions of Court.
    (b) Dismissal of Petition or Motion.
82. (Reserved).
83.1 Admission of Attorneys.
    (a) Qualifications.
    (b) Procedure for Admission.
    (c) Local Office.
    (d) Visiting Lawyers.
83.2 Discipline of Attorneys.
    (a) Professional Ethics.
    (b) Grievance Committee.
    (c) Proceedings Upon Complaint.
    (d) Recommendation of Grievance Committee.
    (e) Attorneys Convicted of Crimes.
    (f) Discipline or Resignation in Other Courts.
    (g) Mental Disability or Incapacity.
    (h) Resignation.

Rule
    (i) Reinstatement.
83.3 Security for Costs.
    (a) Security for Costs.
    (b) Modification and Waiver.
83.4 Opening Statements.
83.5 Secrecy of Jury Deliberations.
83.6 Removal of Papers and Exhibits.
    (a) Withdrawal of Pleadings, Papers and Exhibits.
    (b) Pre-marked Exhibits and Exhibit Lists.
    (c) Custody of Exhibits After Trial.
    (d) Exhibits on Appeal.
    (e) Disposition of Exhibits in the Custody of the Clerk.
83.7 Transfer of Cases to Another District or Upon Remand to a State Court.
83.8 Orders for Extension of Filing Record on Appeal.
83.9 Law Student Internship Rules.
    (a) Appearance of Law Student Intern.
    (b) Requirements of Supervising Attorney.
    (c) Requirements of Law Student Intern.
    (d) Privileges of Law Student Intern.
83.10 Civil Pro Bono Panel.
    (a) List of Attorneys.
    (b) Appointment Procedure.
    (c) Responsibilities of the Appointed Attorney.
    (d) Relief From Appointment.
    (e) Discharge.
    (f) Expenses.
    (g) Compensation for Services.
    (h) Duration of Representation.
83.11 Recordings and Photographs.
83.12 Auxiliary Orders.
83.13 Prohibition on Counsel as Witness.
    (a) Refusing Employment When Counsel May Be Called as a Witness.
    (b) Withdrawal as Counsel When the Lawyer Becomes a Witness.
    (c) Discretion of Court to Provide Relief from this Rule When Lawyer in Same Firm is Likely to Be a Witness.

APPENDIX

Form 26(f). Report of Parties' Planning Meeting.
Standing Order on Scheduling in Civil Cases.
Standing Order Regarding Trial Memoranda in Civil Cases.
Standing Order in Civil RICO Cases.
Standing Order in Removed Cases.
Order Re Disclosure Statement.

LOCAL RULES FOR MAGISTRATE JUDGES

Rule
72.1 General Jurisdiction and Duties of Magistrates Judges.
72.2 Review.
73. Civil Trial Jurisdiction.
77.2 Assignment.

LOCAL RULES OF CRIMINAL PROCEDURE

Rule
1. Scope of Rules.
    (a) Title and Citation.
    (b) Effective Date.
    (c) Applicability of Local Civil Rules.
    (d) Types of Proceedings.
2–15. (Reserved).

| Rule | | Rule | |
|---|---|---|---|
| 16. | Discovery. | 48-49. | (Reserved). |
| | (a) Timing of Discovery. | 50. | Assignments. |
| 17. | Issuance of Subpoenas on Behalf of Public Defenders. | | (a) Assignment of Judges. |
| | (a) Within This District. | | (b) Individual Calendar System. |
| | (b) Outside This District. | | (c) Assignment of Judges to Special Proceedings. |
| | (c) Service by Marshal. | | (d) Substitution. |
| 18-31. | (Reserved). | 51-54. | (Reserved). |
| 32. | Disclosure of Presentence Reports. | 55. | Records. |
| | (a) Initial Disclosure of Presentence Reports. | | (a) Docket Numbers. |
| | (b) Revisions to Report. | | (b) Miscellaneous Docket Numbers. |
| | (c) Submission of Revised Presentence Report. | | (c) Subsequent Proceedings. |
| | (d) Objections to Revised Presentence Report. | 56. | (Reserved). |
| | (e) Scheduling Order. | 57. | Rules by District Courts. |
| | (f) Modification of Time Limits. | | (a) Appearances. |
| | (g) Non-disclosable Information. | | (b) Sealed Documents. |
| | (h) Date of Disclosure. | | (c) Statements Permitted During Investigation. |
| | (i) Limitations on Disclosure by the Government and the Defense. | | (d) Statements Prohibited After Commencement of Proceedings. |
| | (j) Appeals. | | (e) Statements Permitted After Commencement of Proceedings. |
| | (k) Disclosure to Other Agencies. | | (f) Statements Prohibited During Jury Selection and Trial. |
| | (l) The Role of Defense Counsel. | | (g) Statements Prohibited Prior to Sentencing. |
| | (m) The Role of the United States Attorney. | 58. | Appeals. |
| | (n) The Role of the Probation Officer. | | (a) Notice of Appeal. |
| | (o) Sentencing Memoranda. | | (b) Bond on Appeal. |
| | (p) Presentence Conference. | | (c) Transcripts on Appeal. |
| | (q) Confidentiality of Communications to Sentencing Judge. | | |
| | (r) Binding Plea Agreements. | | |
| 33-42. | (Reserved). | | |
| 43. | Attendance of Defendants. | | |
| | (a) Presence Required. | | |
| 44-46. | (Reserved). | | |
| 47. | Motions to Adopt. | | |

APPENDIX. STANDING ORDER ON DISCOVERY

CIVIL JUSTICE EXPENSE AND
DELAY REDUCTION PLAN

# LOCAL RULES OF CIVIL PROCEDURE

## RULE 1. SCOPE OF RULES

(a) Title and Citation. These rules shall be known as the Local Civil Rules of the United States District Court for the District of Connecticut. They may be cited as D. Conn. L. Civ. R.

(b) Effective Date. These rules shall govern the conduct of all civil actions pending in the United States District Court for the District of Connecticut on or after May 1, 1985.

(c) Definitions. As used herein, "Judge" shall mean a District Judge of this Court or a visiting Circuit or District Judge assigned to duties in this Court or a Magistrate Judge of this Court performing duties authorized or by the District Judges of this Court. As used herein, "Clerk" shall mean the Clerk of the Court or his or her deputies and assistants authorized by him or her to perform the functions specified herein.
[Effective January 1, 2003; amended effective August 1, 2003.]

## RULE 2. (RESERVED)

## RULE 3. COMMENCEMENT OF ACTION

(a) Complaint.

1. The complaint may be filed with the Clerk at Bridgeport, Hartford, or New Haven. All other papers shall be filed at the seat of Court where the docket is maintained for the case involved.

2. All civil complaints submitted to the Clerk for filing shall be accompanied by a summons and a Civil Cover Sheet, Form JS 44a or JS 44c. Complaints not accompanied by a summons and these forms may be rejected for filing by the Clerk. Upon request the Clerk's office will furnish these forms. Persons filing civil complaints who are in custody at the time of filing, and persons filing pro se, are exempted from the requirements of this paragraph. A Civil Cover Sheet indicating that a jury trial is desired shall not suffice as a demand for jury trial.

03/19/2004  14:05   203-386-0136            LAW OFFICE R MARZIK              PAGE  07
Case 3:03-cv-01046-DJS   Document 16   Filed 03/31/2004   Page 10 of 15

CIVIL PROCEDURE                                                  L.Civ.R. 7

review. Upon final determination of the action, as defined in Rule 83.6(c) of the Local Rules of Civil Procedure, counsel shall have ninety (90) days to file a motion pursuant to Rule 83.6(c) for the return of the sealed documents. Any sealed document thereafter remaining may be destroyed by the Clerk pursuant to Rule 83.6(c) or retired by the Clerk with other parts of the file to the Federal Records Center, whereupon they shall be automatically unsealed without notice to counsel.

(e) Filing of Discovery Material.

1. Pursuant to Fed. R. Civ. P. 5(d), expert witness reports, computations of damages, depositions, notices of deposition, interrogatories, requests for documents, requests for admissions, and answers and responses shall not be filed with the Clerk's Office except by order of the Court.

2. A party seeking relief under any of the Federal Rules of Civil Procedure shall file only that portion of the deposition, interrogatory, request for documents or request for admissions that is the subject of the dispute.

3. When discovery material not on file is needed for consideration of a motion or for an appeal, upon application to or order of the Court or by stipulation of counsel, the necessary portion of discovery material shall be filed with the Clerk.

(f) Service by Facsimile Copy. Copies of pleadings may be served on counsel through use of a facsimile machine, provided that service of a typewritten copy of the identical pleading is made simultaneously by regular mail. Copies of pleadings may not be filed with the Clerk's Office through the use of a facsimile machine or other electronic means.

(g) Three Judge Court. In three-judge court cases, the Clerk shall not accept any complaints, petitions, pleadings, briefs or other papers unless the original is accompanied by three copies thereof for the use of the Court. Counsel filing such papers, after service of process has been effected, shall serve one copy thereof on each other party.

[Effective January 1, 2003.]

## RULE 6. COMPUTATION OF TIME

Except as otherwise specified in these Local Rules, Fed. R. Civ. P. 6 shall govern the computation of time limitations for purposes of computing any period of time prescribed or allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any order of this Court, or any applicable statute.

[Effective January 1, 2003.]

## RULE 7. MOTION PROCEDURES

(a) Procedures.

1. Any motion involving disputed issues of law shall be accompanied by a written memorandum of law and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion. Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record. Notwithstanding that a request for oral argument has been made, the Judge may, in his or her discretion, deny such request. To expedite a decision or for other good cause, the Court may, on notice to all parties, rule on a motion before expiration of the 21-day period ordinarily permitted for filing opposition papers.

2. Except by permission of the Court, briefs or memoranda shall not exceed forty (40) 8 1/2" by 11" pages of double spaced standard typographical print, exclusive of pages containing a table of contents, table of statutes, rules or the like. The original of all motions or briefs shall be filed with the Clerk at the seat of Court where the Judge sits.

(b) Motions for Extensions of Time.

1. Unless otherwise directed by a particular Judge with respect to cases on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations:

   (a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and

   (b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

3. All motions for extensions of time, whether for consideration by the Clerk or a Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same

279

L.Civ.R. 7                    UNITED STATES DISTRICT COURT

limitation. The motion may be granted ex parte notwithstanding a report of objection by opposing counsel. Opposing counsel may move within 5 days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of counsel as to any extension of time does not of itself extend any time limitation or provide good cause for failing to comply with a deadline established by the federal rules of civil procedure, these rules or the Court.

(c) **Motions for Reconsideration.**

1. Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

2. In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a)1 of these Local Rules.

(d) **Reply Briefs.** Reply briefs are not required and the absence of a reply brief will not prejudice the moving party. Any reply brief must be filed within 10 days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6. A reply brief may not exceed 10 pages, must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made.

(e) **Withdrawal of Appearances.** Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

[Effective January 1, 2002.]

### RULE 8.  RULES OF PLEADING

(a) **Statement of the Claim.** A petition for writ of habeas corpus or motion filed pursuant to Title 28, U.S.C., § 2255 shall contain a short and plain statement of the claim made and the relief sought. A petition or motion not in compliance with this Rule shall be subject to dismissal without prejudice by the Court on its own motion.

(b) **Petitions Shall be Legible.** Petitions for writs of habeas corpus and motions filed pursuant to Title 28, U.S. Code § 2255, shall be typewritten or in legible handwriting. Such petitions and motions shall be on forms approved by the Court and supplied by the Clerk.

[Effective January 1, 2002.]

### RULE 9.  (RESERVED)

### RULE 10.  PREPARATION OF PLEADINGS

(a) **Preparation of Pleadings.** All pleadings must be prepared in conformity with the Federal Rules of Civil Procedure. Each such pleading shall be punched with two holes, 2–3/4" apart, each centered 7/16" from the upper edge, one being 2–7/8" from the left edge and the other being 2–7/8" from the right edge, each being 1/4" in diameter. Pleadings shall be double-spaced, on 8-1/2" by 11" paper with a left margin of at least 1" free from all typewritten or printed material, shall have page numbers in the bottom margin of each page after page 1, and shall have legibly typed, printed or stamped directly beneath the signature the name of the counsel or party who executed such document, the office address, telephone number, fax number and e-mail address, if available. The federal bar number assigned to counsel should appear beneath his/her signature. The complete docket number, including the initials of the Judge to whom the case has been assigned, shall be typed on each pleading. The date of each pleading shall be included in the case caption.

[Effective January 1, 2003.]

### RULE 11.  SANCTIONS

(a) **Motion for Attorneys' Fees and /or Sanctions.** Motions for attorneys' fees or sanctions shall be filed with the Clerk and served on opposing parties within 30 days of the entry of judgment. Any motions not complying with this rule shall be denied.

[Effective January 1, 2003.]

### RULE 12—RULE 15.  (RESERVED)

### RULE 16.  STATUS AND SETTLEMENT CONFERENCES AND ADR

(a) **Status Conferences.**

1. Pursuant to Fed. R. Civ. P. 16 and 26(f) and Local Rule 53, one or more status conferences may be scheduled before a Judge or a parajudicial officer or special master designated by the presiding Judge. Status conferences may be held in person or by telephone.

(iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

4. *Fees for Witnesses.*

(i) Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Witness fees for officers of a corporation are taxable provided that such witnesses are not named parties to the action. Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable. Fees for a competent interpreter are taxable if the fees of the witness involved are taxable.

(ii) Fees for subsistence are taxable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees if the witness were to return to the residence every day. Additional claims for subsistence when the witness has testified and remains in attendance for the convenience of counsel shall not be taxable.

(iii) Mileage shall be taxable at the statutory rate. The "100-mile" rule which limits the total taxable mileage of a witness to 200 miles round trip, will not be applied where it has been demonstrated that the witness' testimony was relevant and material and had a bearing on essential issues of the case. Fees of common carriers are also taxable at coach fare rates. Receipts for common carrier expenses shall be appended to the bill of costs. Miscellaneous toll charges, parking fees, taxicab fares between places of lodging and carrier terminals, are also taxable.

5. *Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries.* The cost of maps and charts are taxable as costs only if admitted into evidence and only if they are not greater than 8 1/2 × 11 in size. Costs for enlargements greater than 8 1/2 × 11 or for models, are not taxable unless by order of the Court. Compilations of summaries, computations and statistical comparisons are also not taxable unless by order of the Court.

6. *Other Items Taxable as Costs Are as Follows.*

(i) Fees to masters, receivers and commissioners, unless otherwise ordered by the Court;

(ii) Premiums paid upon all bonds provided pursuant to statute, rule of Court, order of Court, or stipulation of parties, including bonds in lieu of or in release of attachment, may be taxed as costs to the prevailing party, subject to disallowance entirely or in part by the Court in its discretion;

(iii) Fees incurred in removing a case from state Court, including the fees for service of process in the state Court and fees for witnesses attending depositions prior to removal.

7. *Items Not Taxable as Costs.* In addition to any limitations addressed in the preceding sections, the following items are not recoverable as costs, unless by order of the Court:

(i) Filing fees for cases initiated by the United States;

(ii) Service of process fees for discovery subpoenas;

(iii) Copies of trial transcripts in excess of an original plus one copy;

(iv) Costs of an expedited or daily copy transcript produced for the convenience of counsel;

(v) Counsel's fees and expenses in arranging for and traveling to a deposition or trial;

(vi) Fees of any named party to the action;

(vii) Compensation for an expert witness in excess of the statutorily allowed limits;

(viii) Subsistence fees for witnesses in attendance at trial or deposition, beyond the time of testimony by the witness;

(ix) Attorneys' fees incurred in attending depositions, conferences or trial, including expenses for investigations;

(x) Word processing or typing charges;

(xi) Computerized legal research fees;

(xii) Paralegal expenses;

(xiii) Pre-judgment and post-judgment interest;

(xiv) Costs for maps, charts and photographs greater than 8 1/2 × 11 in size, as well as costs for producing models;

(xv) Copies of pleadings retained by counsel or served on opposing counsel;

(xvi) Telephone calls by counsel, general postage expense of counsel, Federal Express or other express mail service costs.

(d) *Review of the Clerk's Ruling.* Any party may, within five (5) days of the entry of the Clerk's ruling, apply to the Judge before whom the case was assigned for review of the Clerk's ruling on the bill of costs. Such application shall specify which portions of the Clerk's ruling are the subject of the objection, and shall specify the reasons therefor. Any other party may respond to such objection within five (5) days of the filing of such objection.

[Effective January 1, 2003.]

## RULE 55. (RESERVED)

## RULE 56. SUMMARY JUDGMENT

(a) Motions for Summary Judgment

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule

L.Civ.R. 56                UNITED STATES DISTRICT COURT

56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

(b) Notice to Pro Se Litigants Regarding Summary Judgment. Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

[Effective January 1, 2003; amended effective August 1, 2003.]

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)). If you fail to follow these instructions, the defendant's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day

period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).

### RULE 57—RULE 66. (RESERVED)

### RULE 67. DEPOSIT OF FUNDS IN COURT REGISTRY

(a) **Order for Deposit in Interest Bearing Account.** Whenever a party seeks a Court order for money to be deposited by the Clerk in an interest-bearing account, the party shall file the order with the Clerk, who shall inspect the proposed order for proper form and content and compliance with this Rule prior to signature by the Judge for whom the order is prepared.

(b) **Orders Directing Investment of Funds by Clerk.** Any order obtained by a party or parties in an action that directs the Clerk to invest in an interest-bearing account or instrument funds deposited in the registry of the Court pursuant to 28 U.S.C. § 2041 shall include the following: (1) the amount to be invested; (2) the designation of the type of account or instrument in which the funds shall be invested; and (3) a direction that the Clerk deduct from the income earned on the investment a fee of ten percent (10%), whenever such income becomes available for deduction in the investment so held and without further order of the Court.

(c) **Release of Deposited Funds.** Upon final determination of the action or at such other times as may be appropriate, a party or parties may seek a Court order releasing deposited funds, by submitting a proposed order which shall contain the following information: (1) the name, address and taxpayer identification number of any individual(s) or corporation(s) receiving the funds; and (2) the amount of principal and interest to be paid to any individual(s) or corporation(s). Funds cannot be released from the registry account of the Court without a Court order.

(d) **Registry Account.** For the purpose of this Rule, the Registry Account of Court is held in Fleet Bank, 157 Church Street, New Haven, CT 06510.

[Effective January 1, 2003.]

### RULE 68. OFFER OF JUDGMENT

When an offer of judgment is filed pursuant to Connecticut General Statute, § 52–192a or § 52–193, the offer of judgment shall be filed in a sealed envelope bearing the caption of the case, the case number and the caption of the document. The document shall remain under seal until (a) the filing of an acceptance of the offer of judgment at which time the clerk shall enter judgment, or (b) after trial to allow the court to decide whether the plaintiff is entitled to additional interest on the amount recovered, or (c) when the clerk retires the record to the Federal Record Center.

[Effective January 1, 2003.]

### RULE 69–RULE 71. (RESERVED)

### RULES 72 AND 73. SEE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES

### RULES 74—RULE 76. (RESERVED)

### RULE 77.1 ENTRY OF ORDERS AND JUDGMENTS

(a) **By the Court.**

1. A memorandum signed by the Judge or Magistrate of the decision of a motion that does not finally determine all claims for relief shall constitute the required order unless such memorandum directs the submission or settlement of an order in more extended form.

2. The notation in the appropriate docket of an "order," as defined in the previous paragraph, shall constitute the entry of the order.

3. Unless otherwise directed by the Court, proposed orders, judgments and decrees shall be presented to the Clerk's office, and not directly to the Judge. Unless the form of order, judgment, or decree is consented to in writing, or unless the Court otherwise directs, five (5) days' notice of settlement is required. Three (3) days' notice is required on all counter proposals. Unless adopted by the Court, such proposed orders, judgments or decrees shall not form any part of the record of the action.

(b) **By the Clerk.** In addition to the other orders that the Clerk is authorized to sign and enter pursuant to these Local Rules or the Federal Rules of Civil Procedure, the Clerk is authorized to sign and enter the following decrees and judgments without further direction of the Court:

1. Consent judgments for the payment of money; orders on consent dismissing actions, withdrawing stipulations, exonerating sureties and permitting visiting lawyers to appear; orders setting aside defaults entered under Fed. R. Civ. P. 55(a); and orders entered pursuant to Fed. R. Civ. P. 4.1(a) specially appointing persons to serve process other than a summons or subpoena.

2. Orders on consent for the substitution of attorneys in cases not assigned for trial.

3. Subject to the provisions of Fed. R. Civ. P. 54(b) and 58, judgments upon a general verdict of a jury, or upon a decision by the Court unless the Court otherwise directs. Every judgment shall be set forth on a separate document and shall become effective only

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Notice to *Pro* Se Litigant Opposing Motion for Summary Judgment was mailed on this date to the following:

>James J. Schultz, Esq.
>LAW OFFICES OF JAMES J. SCHULTZ
>164 Belridge Road
>New Britain, Connecticut 06053
>
>Franklin Lord, Jr., *Pro se*
>177-A Bimini Drive
>Palmetto, Florida 34221
>
>Robert K. Marzik, Esq.
>LAW OFFICES OF
>ROBERT K. MARZIK, P.C.
>1512 Main Street
>Stratford, Connecticut  06615

Dated: New York, New York
       March 26, 2004

_____
DAVID R. HORNIG
CT Bar No.: ct06120

X:\Public Word Files\1\379\Legal\CERTIFICATE OF SERVICE-DRH.mar.doc