UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF CONNECTICUT

FILED
2004 APR 30 P 12: 08
U.S. DISTRICT COURT
HARTFORD, CT.

---------------------------------------------------------------X

COMMERCIAL UNION INSURANCE COMPANY,

Plaintiff,

-against-

FRANKLIN LORD and SHARON SHUMAN

Defendants.

---------------------------------------------------------------X

Civil No. 3:03 CV 1046 (AWT)

April 28, 2004

COMMERCIAL UNION INSURANCE COMPANY
MEMORANDUM OF LAW

NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

OF COUNSEL:

David R. Hornig, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ i

POINT I

INTENT TO DECEIVE IS NOT REQUIRED TO VOID A MARINE POLICY OF INSURANCE FOR MISREPRESENTATION ........................................ 2

POINT II

UTMOST GOOD FAITH REQUIRES AFFIRMATIVE DISCLOSURE BY THE INSURED, NOT INVESTIGATION BY THE INSURER ........................................ 5

POINT III

LORD'S USE OF EXPERT TESTIMONY IN THE OFSTEIN AFFIDAVIT MUST BE DISREGARDED ........................................ 7

CONCLUSION ........................................ 9

# TABLE OF AUTHORITIES

## Cases


Albany Ins. Co. v. Horak, 1994 A.M.C. 273 (E.D.N.Y. 1993) .......... 4

Albany Ins. Co. v. Wisniewski, 579 F. Supp. 1004 (D.R.I. 1984) .......... 4

Btesh v. Royal Ins. Co., Ltd. of Liverpool, 49 F.2d 720 (2d Cir. 1931) .......... 4

Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) .......... 8

Fashauer v. New Jersey Transit Rail Operations, 57 F.3d 1269 (3d Cir. 1995) .......... 8

Gulf Stream Cargo, Ltd. v. Reliance Insurance Co., 409 F.2d 974 (5th Cir. 1969) .......... 6

Hartford Insurance Company v. Garvey, 1989 A.M.C. 652, 1988 WL 185880, 6 (N.D. Cal. 1989) .......... 3

King v. Aetna Insurance Co., 54 F.2d 253, 255 (2d Cir. 1931) .......... 3

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986) .......... 4, 5

Royal Ins. Co. of Am. v. Cathy Daniels, Ltd., 684 F. Supp. 786 (S.D.N.Y. 1988) .......... 4

Sun Mutual Insurance Co. v. Ocean Insurance Co., 107 U.S. 485 (1883) .......... 4, 5

Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F.2d Supp. 405, 426 (S.D.NY 1984) .......... 3

**PRELIMINARY STATEMENT**

Plaintiff Commercial Union, by their attorneys NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE, respectfully submits this reply memorandum of law in further support of its motion for summary judgment declaring the insurance policy issued to defendants Franklin Lord and Sharon Schulman ("Lord") void *ab initio* as a result of multiple material misrepresentations made by Franklin Lord in the application to obtain the insurance at issue. As discussed at length, and which will not be repeated herein, those misrepresentations led to the issuance of a policy insuring a vessel for $450,000.00 at a premium that was set based upon the erroneous description of the subject vessel and engine as "new," constructed by "Kanter Yachts" in "Ontario, Canada" and "purchased" by Lord at a cost of $450,000.00. As a result of these misrepresentations, the home-built vessel constructed by Lord on top of a 17 year old hull, was insured without a survey and at an artificially low premium of approximately $4,000.00.

This memorandum addresses those issues raised in the opposition memorandum submitted by defendants. The Court is respectfully referred to Commercial Union's principal brief for its main arguments on the avoidance of the policy. In its opposition, Lord admits all of the operative facts including the fact that Lord filled out the application, signed the application for insurance, and certified the truth of the statements he made to the underwriter which subsequently formed the basis for the issuance of the subject policy of insurance. Lord further admitted in his Local Rule 56(a)2 statement that the vessel was not built at Ontario, Canada by Kanter Yachts as represented, that the vessel was not purchased from Kanter Yachts as represented, that the vessel's engine was not built in year 2000 as represented, that the vessel was purchased from Sal Messina who partially build out the vessel which was not disclosed, that the vessel was constructed by Lord who had never worked at a ship yard or as a boat builder, that the

value of the vessel was assigned by Lord and was not the actual purchase cost paid by Lord to acquire the vessel, that the vessel was seaworthy and had been motored along the intercoastal waterway and the ocean from Virginia to Rhode Island in 1996, and that the hull of the vessel was not laid in 2000, but had been constructed in 1984. Importantly, Lord admitted that he knew these representations were not "true,"[1] Lord further admitted that he never advised Commercial Union or the broker that any of these facts were false.

Lord's argument that Commercial Union never required a survey of the vessel is unavailing. As discussed below, the established rule of law governing misrepresentation clearly requires the applicant for marine insurance to provide truthful information so that the underwriter can make an informed decision about covering the risk. The law does not excuse Lord's misrepresentations simply because they might have been uncovered if the underwriter had commenced an investigation into the truth or falsity of the representations. As noted in the Hornig and Fitti affidavits, the representations made by Lord in the application concealed the facts that would have triggered a survey if its accurate vintage had been disclosed.

Lord's admission of every relevant fact, combined with the absence of any legitimate argument in support of his position, merits entry of judgment in favor of Commercial Union. Accordingly, the policy should be declared void *ab initio.*

## POINT I

## INTENT TO DECEIVE IS NOT REQUIRED TO VOID A MARINE POLICY OF INSURANCE FOR MISREPRESENTION

The bulk of Lord's opposition to the within motion is centered upon the supposed lack of intent to deceive the underwriter when the application for insurance was submitted. However, it is abundantly clear and well settled that the applicant's intent in making the

[1] Although he quibbled with some of the characterizations in his opposition.

misrepresentation is irrelevant. The critical point is whether the information passed on to the underwriter was false. The motivation behind the dissemination of the false information, or failure to disclose material information, is irrelevant.

It is well settled that the policy can be voided *ab initio* even though the applicant for insurance claimed that the misrepresentation was not made intentionally or was the result of a mistake, accident, forgetfulness or inadvertence. Regardless of intent, misrepresentation or non-disclosure permits the insurer to rescind or void the policy ab initio. King v. Aetna Insurance Co., 54 F.2d 253 (2nd Cir. 1931); Hartford Insurance Co. v. Garvey, 1998 AMC 652, 1988 WL 185880 (N.D. Calif); Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F. Supp 2d 405, 426 (S.D.NY 1984); 45 C.J.S. Insurance §645 a.

In this case, Lord admits the falsity of the material misrepresentations made in his application. Lord admits that neither he or Sharon Shuman disclosed to Commercial Union that they purchased the vessel in 1996 for $48,000.00. They admit that they did not disclose that the hull was seventeen (17) years old; did not disclose that the engine was fifteen (15) to sixteen (16) years old; did not disclose that the vessel was not built by Kanter, with the exception of the seventeen (17) year old hull; did not disclose that the vessel was home built by Sal Messina, Franklin Lord, Sharon Shuman and others; did not disclose that the vessel had been operated in the ocean on a voyage from Virginia to Rhode Island in 1996; did not disclose how they established a value of $450,000.00; did not disclose that a value of $450,000.00 exceeded the amount the defendants paid for the partially completed hull ($48,000.00) and the value of material and equipment they claimed was purchased and installed by more than $100,000.00; did not disclose that the vessel had not been built in Ontario, Canada; did not disclose that the boat had been home built in New Jersey, Virginia and Rhode Island; did not disclose the date

that had purchased the vessel from Sal Messina; did not disclose that the completed vessel was not a new purchase from Kanter; and did not disclose that the vessel was not built according to Kanter plans and never inspected or surveyed. Any one of these factors, standing alone, constitutes a material misrepresentation as a matter of law.

Even assuming *arguendo* that each of those false statements was made without intent to deceive, the fact remains that the representations induced Commercial Union to issue a policy of marine insurance, which exposed them to substantial liability, based upon a tissue of falsehoods.[2] This renders the policy void. Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987); Sun Mutual Insurance Co. v. Ocean Insurance Co., 107 U.S. 485 (1883); Btesh v. Royal Ins. Co., Ltd. of Liverpool, 49 F.2d 720 (2d Cir. 1931); Albany Ins. Co. v. Horak, 1994 A.M.C. 273 (E.D.N.Y. 1993); Royal Ins. Co. of Am. v. Cathy Daniels, Ltd., 684 F. Supp. 786 (S.D.N.Y. 1988); Albany Ins. Co. v. Wisniewski, 579 F. Supp. 1004 (D.R.I. 1984).

Moreover, the patent intent to mislead Commercial Union into binding the policy is plainly evidenced by the Coast Guard documentation obtained by Commercial Union after the suspicious loss. The Builder's Certificate annexed as Exhibit 6 to the Hornig affidavit clearly sets out, in Lord's own handwriting, the fact that the vessel was purchased from Sal Messina, build by Franklin Lord in Westerly, Rhode Island and that the year of the vessel was assigned by Lord, not given to him by the Coast Guard as alleged in his opposition and the Ofstein affidavit. Despite the fact that Lord accurately and truthfully conveyed information to the Coast Guard in connection with his application for vessel documentation, it is undisputed that the application for

---

[2] Commercial Union vigorously denies that the misrepresentations were innocently made. The sheer number of false statements, combined with the consistently erroneous picture of the risk painted by those false statements, indicates that the misrepresentations and non-disclosures were made to induce the underwriter to issue the policy obtained. However, this Court need not determine whether the insureds intended to deceive. The sole issue is whether the information in the application was false.

insurance contained materially different representations of the vessel's construction, age and builder. Commercial Union respectfully submits that this Court should disregard Lord's arguments in their entirety and focus on the admitted false statements in the application that form the basis for this motion and this declaratory judgment action. The application misled the underwriter, and the policy must be voided at inception. The motion should be granted.

## POINT II

## UTMOST GOOD FAITH REQUIRES AFFIRMATIVE DISCLOSURE BY THE INSURED, NOT INVESTIGATION BY THE INSURER

Lord's opposition claims that his misrepresentations must be excused because Commercial Union never requested a survey of the vessel that may have informed Commercial Union that the facts in the application were false. This argument is completely contrary to the established rule of law. The applicant for marine insurance has an affirmative duty to disclose all information relevant to the risk of which he has knowledge.

> The insured will not be allowed to protect himself against the charge of an undue concealment, by evidence that he had disclosed to the underwriters, in general terms, the information he possessed. Where his own information is specific, it must be communicated in the terms in which it was received. General terms may include the truth, but fail to convey it with its proper force and in all its extent.

Sun Mut. Ins. Co. v. Ocean Ins. Co., 107 U.S. 485 (1883) (emphasis added). See also, Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The doctrine of *uberrimae fidei* does not require a marine underwriter to discredit positive affirmations of fact made in an application for insurance. As discussed in Sun Mutual, the applicant *must* affirmatively disclose what he knows to the underwriter so that the two parties to the insurance contract possess the same understanding of the risk bound. The applicant is obligated to disclose information relevant to the risk even if the underwriter fails to

ask. It is well established that when an underwriter specifically inquires about a risk, that inquiry renders the information material.

Nor does the doctrine of *uberrimae fidei* approve a partial disclosure of fact which may or may not trigger an underwriter's suspicions that the facts surrounding the risk may be other than that represented. As stated in Gulfstream Cargo Ltd., v. Reliance Insurance Co., 409 F.2d 974, 982 (5th Cir. 1969):

> Nothing in this mild disclosure put [insurers] on further notice concerning the extent and nature of things which then made the vessel completely unfit...this did not constitute a waiver of the underwriter's absolute right to demand full, open, honest, complete, accurate discolosure of facts then well known [to the insured] which bore directly upon the [risk]. (Emphasis added.)

In this case, the application appears to be carefully crafted to convey the impression that the vessel was entirely new. The year of the vessel was stated to be "2000," the year of the engine was stated to be "2000," the vessel was described as a "new purchase" with no prior insurance history and with a "purchase date" of November 7, 2000, a "purchase cost" of $450,000.00, and the builder as "Kanter." None of this information conveyed the need for a survey as required by Commercial Union's mandatory underwriting guidelines. As set forth in the affidavit of Patricia Fitti, the underwriter of the subject policy, General Rule 19 states that at survey "must be obtained" for sailing vessels 10 years of age or older. Ms Fitti attests that she "would have been required to obtain a survey before...[issuing] the marine insurance policy." See Fitti Affidavit, p. 4. The Court should disregard Lord's argument.


## POINT III

## LORD'S USE OF EXPERT TESTIMONY IN THE OFSTEIN AFFIDAVIT MUST BE DISREGARDED

In opposition to Commercial Union's motion, Lord offers the Court the affidavit of James Ofstein, who offers opinions on the value and condition of the vessel at issue as well as opinion evidence on whether Lord appropriately described his vessel as a "Kanter" yacht with a 2000 year designation. Ofstein further opines that it was appropriate to call the hull "new" because it does not deteriorate if "well maintained," and that the engine could be accurately described as "new" based on his experience in the marine industry.

Ofstein also advises the Court that, contrary to the advice of the United States Coast Guard Documentation office in Falling Waters, Virginia and the relevant regulations set out in part 67 of the Code of Federal Regulations, the vessel's "year" is assigned by the Coast Guard. Ofstein's affidavit must be disregarded by the Court for two reasons: (1) Ofstein was never disclosed as an expert in any of defendants' answers to discovery or as required by Rule 26 of the Federal Rules of Civil Procedure; and (2) Ofstein's statements regarding the Coast Guard procedures for documentation are erroneous.

With respect to the timeliness of the defendants' backdoor "disclosure" that they will use Ofstein to offer expert opinion testimony, Commercial Union notes that the date for expert disclosure under the Rule 16 scheduling order has long since expired and that Lord failed to advise Commercial Union that Ofstein would offer opinion testimony on the value of the WANDERLUST, its characterization as a year 2000 vessel, the description of the engine as "new" and whether the information Lord transmitted to Commercial Union in applying for the

policy was false. Lord never provided Commercial Union with a report of Ofstein's conclusions, his curriculum vitae, or any of the other materials required by Rule 26 for the introduction of expert testimony. Moreover, defendants' failure to comply with Rule 26 deprived Commercial Union of an opportunity to take Ofstein's deposition to determine the factual basis, if any, for his representations regarding the Coast Guard documentation process. As set forth in the Hornig affidavit, Ofstein's attestations regarding the documentation process are contrary to the instructions given by the Coast Guard documentation office and the Code of Federal Regulations 46 C.F.R. 67 et seq. The Coast Guard does not assign a "year" but merely adopts the information provided by the owner and issues a documentation number. If the Coast Guard documentation abstract of title reflects a vessel year of 2000, it is because Lord provided that information to them.

This Court has the discretion to preclude the belated and clearly biased "expert" opinions offered by Ofstein as a result of Lord's failure to comply with Rules 16 and 26. See Fashauer v. New Jersey Transit Rail Operations, 57 F.3d 1269 (3d Cir. 1995). In addition, this Court can, and should, disregard the affidavit based upon the complete lack of reliability of the statements concerning the Coast Guard documentation process. As discussed in the Hornig affidavit, the patent inaccuracy of Ofstein's biased attestations warrant exclusion of the affidavit under the rule of Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)(Court in its "gate keeping" capacity must insure that expert testimony is reliable.). This Court should disregard the Ofstein affidavit and its opinions in its entirety.

## CONCLUSION

Based upon the glaring mispresentation contained in the application fro insurance and the insured's admitted knowledge that the facts were falsely represented, Commercial Union respectfully requests that the Court enter summary judgment in its favor.

THE PLAINTIFF,
COMMERCIAL UNION INSURANCE COMPANY

By: ______________________

David R. Hornig, Esq.
Ct Bar No.: ct06120
NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Wall Street Plaza, 88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone No.: (212) 220-3838
Telefax No.: (212) 220-3784
(File No.: 10000379 DRH)

X:\Public Word Files\1\379\Legal\WANDERLUST REPLY MEMO OF LAW.doc.md

**CERTIFICATION OF SERVICE**

This is to certify that the foregoing COMMERCIAL UNION INSURANCE COMPANY REPLY MEMORANDUM OF LAW was mailed and/or faxed on this date to the following:

James J. Schultz, Esq.
LAW OFFICES OF JAMES J. SCHULTZ
164 Belridge Road
New Britain, Connecticut 06053

Robert K. Marzik, Esq.
LAW OFFICES OF
ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, Connecticut 06615

FRANKLIN LORD, *Pro Se*
177-A Bimini Drive
Palmetto, Florida 34221

Dated: New York, New York
April 28, 2004

DAVID R. HORNIG
CT Bar No.: ct06120