UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF CONNECTICUT

FILED
2004 APR 30 P 12: 10

------------------------------------------------------------X
COMMERCIAL UNION INSURANCE
COMPANY,

Civil No. 3:03 CV 1046 (AWT)

       Plaintiff,

**AFFIDAVIT**

 -against-

FRANKLIN LORD and SHARON SHUMAN

April 28, 2004

       Defendants.
------------------------------------------------------------X

STATE OF NEW YORK )
         :ss.:
COUNTY OF NEW YORK )

   DAVID R. HORNIG, being duly sworn deposes and says:

   1. I am an attorney duly admitted in New York and Texas and I am a member of Nicoletti Hornig Campise Sweeney & Paige the attorneys for the plaintiff COMMERCIAL UNION INSURANCE COMPANY (hereinafter "Commercial Union"). I am admitted as a visiting attorney for this case in the United States District Court for Connecticut. As such I am familiar with all the proceedings in this case.

   2. On June 12, 2003 Commercial Union commenced this action seeking a declaratory judgment that the marine policy of insurance issued to the defendants FRANKLIN LORD and SHARON SHUMAN (hereinafter sometimes referred to as "the defendants") was void *ab initio* on the grounds that the defendants had failed to disclose material facts and had made material misrepresentations of fact when applying for marine insurance for the

WANDERLUST. As identified in the moving papers, the critical misrepresentations were as follows:

    a. The identification of the subject vessel as a "new purchase";

    b. The identification of the vessel's year of build as "2000";

    c. The purchase date of "November 7, 2000";

    d. The purchase cost of "$450,000.00";

    e. The engine year as "2000";

    f. The identification of the builder as "Kanter"; and

    g. The statement that the place of building was "Ontario, Canada".

3. As set forth in Commercial Union's Local Rule 56(a) 1 statement, each of these facts was false, and induced the underwriter into quoting and binding the risk as a new vessel, constructed and built by a reputable builder of luxury craft, who sold the vessel to Lord for $450,000.00. Subsequent to the loss, Commercial Union discovered that the vessel was not a "new purchase," it had been purchased from prior owner, Sal Messina, in 1996 for less than $50,000.00, that the hull had been constructed in 1984 and that the building of the vessel from the hull on up had been performed by Messina, and then Lord, who admitted at his deposition that he was not a vessel builder. See page 8, Lord Deposition Transcript. Significantly, the vessel's engine, which was described as "new" in the application and which was the source of the loss according to Lord, was also sold by Messina to Lord in 1996.

4. Lord attempts to excuse his misrepresentations by offering the affidavit of James Ofstein dated April 15, 2004, and submitted in opposition to Commercial Union's motion for summary judgment. The Ofstein affidavit offers his personal opinion that the WANDERLUST was worth the amount insured and further claims that the Coast Guard

assigned the vessel a year 2000 construction date, based on the year of launch. According to Ofstein, the fact that the vessel was under construction for the past 19 years, had been to sea before the November 7, 2000 "purchase date" and was sailed along the intercoastal waterway, using the engine which subsequently caught fire, in 1996 from Virginia to Rhode Island (See page 164, Lord Deposition Transcript) is irrelevant.

5.  The Ofstein affidavit should be disregarded for two reasons. First, Lord failed to disclose Ofstein as an expert witness pursuant to Rule 26. At no prior time was Commercial Union advised that Ofstein would offer expert testimony regarding the value of the vessel, the condition of the hull and engine and whether the description of the WANDERLUST contained in the application for insurance was correct. Furthermore the date by which the parties were to identify and disclose experts has passed.

6.  Second, the Ofstein affidavit offers blatantly inaccurate testimony on the Coast Guard procedures for vessel documentation. As set for the in the Federal Code of Regulations 46 C.F.R. 67.3 et seq., the Coast Guard documentation process requires an owner, under penalty of perjury, to submit correct information regarding the vessel seeking documentation and the Coast Guard merely assigns that vessel a number and files an abstract of title and vessel documentation certificate containing the vessel's physical particulars and vessel identification number. The Coast Guard does not investigate the truth or falsity of the information provided, nor does it assign a vessel "year" of build, but merely takes the information provided by the party registering the vessel and archives it as provided. This Court can take judicial notice that the National Vessel Documentation Center in Falling Waters, Virginia will confirm that the Coast Guard does not "issue" or "assign" such information, but merely accepts the information provided by the owner and archives it. Similarly, despite the

pervasive regulation of vessel documentation, there is no provision in the CFR's for the assignment of a vessel's year of build. The assertion that the Coast Guard determined the year of the vessel and told Lord this information is absurd.[1]

7. In addition, following the loss, Commercial Union obtained the documents filed by Lord to obtain the WANDERLUST's vessel number. These documents are completed in Lord's own handwriting and further reveal the falsity of the information provided in the original application. See page 159 to 162 Lord Deposition Transcript. For example, the builder's certificate clearly states that the vessel was "completed" in 2000 and not purchased in 2000. The certificate also states that the place of build was "Westerly, Rhode Island" and not Ontario, Canada as represented by Lord in the application. Most importantly, the identity of the builder is stated to be "Franklin Lord." and not Kanter as represented by Lord in the application. The Certification clearly states that "Franklin Lord, do hereby certify that the facts recited herein are true and that I have personal knowledge of these facts because I: Personally performed the construction." A copy of the Builder's Certificate filed by Lord is annexed hereto as Exhibit "6".

8. While Lord had no trouble indicating to the Coast Guard that he built the vessel himself after purchasing the hull and engine from Sal Messina, he neglected to advise Commercial Union of the same facts. Without question, these facts were material to the risk to be insured, and were specifically requested in the application. As set out in the affidavit of the underwriter Patricia E. Fitti, sworn to on April 23, 2004, Commercial Union had a set of mandatory underwriting guidelines which *required* a survey of a vessel the age of the

---

[1] Although it is possible Lord had a telephone conversation with a clerk or some other individual in the Coast Guard regarding the vessel year, there is no CFR provision that the Coast Guard in documenting a vessel determines the vessel year.

4

WANDERLUST. Lord's representations of this vessel as "new" clearly circumvented this requirement and constituted a material misrepresentation.

Wherefore, I respectfully submit that the policy be declared void *ab initio*.

_____
DAVID R. HORNIG

Sworn to before me this 28th day of April, 2004

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_06_

X:\Public Word Files\1\379\Legal\DRH reply aff 1-379.doc.md

Exhibit A

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1261 (REV. 9-92) | BUILDER'S CERTIFICATION AND FIRST TRANSFER OF TITLE | OMB APPROVED 2115-0110 |
|---|---|---|

## I. PHASE OF CONSTRUCTION COVERED BY THIS CERTIFICATE

☐ ENTIRE CONSTRUCTION
☐ HULL ONLY
☒ COMPLETION ONLY (HULL BUILT BY ANOTHER)

YEAR PHASE OF CONSTRUCTION _____
YEAR COMPLETED  2000

## II. VESSEL DATA

A. HULL IDENTIFICATION NUMBER OR HULL NUMBER  ZKNK49470484

B. VESSEL NAME (IF KNOWN)  WANDERLUST

E. HULL MATERIAL
☐ WOOD
☒ STEEL
☐ ALUMINUM
☐ CONCRETE

D. PLACE OF BUILD (CITY, STATE, COUNTRY)  WESTERLY, RI, USA

C. EQUIPPED WITH ENGINE?
☒ YES   ☐ NO   OUTBOARD  ☐ YES  ☒ NO

☐ FIBROUS REINFORCED PLASTIC
☐ OTHER

NATIONAL VESSEL DOCUMENTATION CENTER
U.S. COAST GUARD
HEREBY CERTIFY THIS TO BE A TRUE COPY
OF THE RECORDS OF THIS OFFICE.
*Andrea M Deck* 5/6/03
DOCUMENTATION OFFICER

## III. DIMENSIONS (COMPLETE APPROPRIATE DIAGRAM)

**SHIP-SHAPE HULL**
L= ___  B= ___  D= ___

☒ **SAILBOAT**
D1 only if actual hull depth (D) cannot be determined
L= 49'2"  B= 14'3½"  D= 3'9"  D1= 10'11"

☐ **CATAMARAN**
L= ___  B= ___  B1= ___  D= ___

☐ **TRIMARAN**
L= ___  L1= ___  L2= ___
B= ___  B1= ___  B2= ___
D= ___  D1= ___

☐ **BARGE-SHAPED HULLS**
L= ___  B= ___  D= ___

☐ **DECKHOUSES** — Houseboats only
(AVERAGE DECKHOUSE DIMENSIONS MUST BE FURNISHED IN ADDITION TO HULL DIMENSIONS)
L= ___  B= ___  D= ___

## IV. UNITED STATES BUILD STATEMENT

☒ ALL MAJOR COMPONENTS USED IN THE PHASE OF CONSTRUCTION COVERED BY THIS CERTIFICATE WERE FABRICATED IN THE UNITED STATES.

☒ ALL CONSTRUCTION AND ALL ASSEMBLY FOR THIS PHASE OF CONSTRUCTION WERE DONE IN THE UNITED STATES.

PREVIOUS EDITION OBSOLETE

SN 7530-00-F01-0820

**V. NAME(S) AND ADDRESS(ES) OF PARTY(IES) FOR WHOM BUILT**

SHARON SCHUMANN   59b WILLIAMS AVE   MYSTIC, CT. 06355
FRANKLIN LORD    59b WILLIAMS AVE.  MYSTIC, CT. 06355

IF BUILT FOR MORE THAN ONE PERSON, THE PERSONS NAMES ABOVE ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

[X] JOINT TENANCY WITH RIGHT OF SURVIVORSHIP   [ ] TENANCY BY THE ENTIRETIES   [ ] COMMUNITY PROPERTY
[ ] OTHER (DESCRIBE)

**VI. CERTIFICATION**

I, FRANKLIN LORD, DO HEREBY CERTIFY THAT THE FACTS RECITED HEREIN ARE TRUE AND THAT I HAVE PERSONAL KNOWLEDGE OF THESE FACTS BECAUSE I:

[X] PERSONALLY PERFORMED THE CONSTRUCTION
OR
[ ] SUPERVISED THE CONSTRUCTION AT AND ON BEHALF OF: _____ (NAME OF COMPANY)
[ ] ACTING IN MY CAPACITY AS _____ (TITLE) OF _____ (NAME OF COMPANY)

NOTE: THIS CERTIFICATE MUST NOT BE COMPLETED BY AN IMPORTER OR AN IMPORTER'S AGENT.

SIGNATURE: Franklin Lord    DATE: 6/1/2000

**VII. FIRST SALE OR TRANSFER OF VESSEL**

100% OF THE VESSEL IDENTIFIED HEREIN IS SOLD (TRANSFERRED) BY THE PARTY(IES) NAMED IN SECTION V TO THE FOLLOWING PERSON(S) (NAMES AND ADDRESSES)

IF SOLD (TRANSFERRED) TO MORE THAN ONE PERSON, THE PURCHASER(S) (TRANSFERREE(S)) ARE TENANTS IN COMMON, EACH OWNING AN EQUAL UNDIVIDED INTEREST, UNLESS OTHERWISE INDICATED HEREIN: CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

[ ] JOINT TENANCY WITH RIGHT OF SURVIVORSHIP   [ ] TENANCY BY THE ENTIRETIES   [ ] COMMUNITY PROPERTY
[ ] OTHER (DESCRIBE)

**VIII. SIGNATURE OF SELLER(S) (TRANSFEROR(S)) OR PERSONS SIGNING ON BEHALF OF SELLER(S) (TRANSFEROR(S)):**

DATE SIGNED:

**IX. NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G., OWNER, AGENT, TRUSTEE, EXECUTOR)**

**X. ACKNOWLEDGMENT** (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

ON 6/2/00 (DATE) THE PERSON(S) NAMED IN SECTION IX ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSES THEREIN CONTAINED.

STATE: Connecticut
COUNTY: New London
NOTARY PUBLIC
MY COMMISSION EXPIRES: June 30, 2001

**PRIVACY ACT STATEMENT**

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD.

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC, CHAPTER 313 AND 46 CFR, PART 67.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:
   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) PLACEMENT OF THIS INSTRUMENT IN A BOOK FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.
3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC, CHAPTER 121. MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON EXCEPT THE GRANTOR OR A PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321(A)).

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 30 MINUTES. YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR MAKE SUGGESTIONS FOR REDUCING THE BURDEN TO: COMMANDANT (G-MVI), U.S. COAST GUARD, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF INFORMATION AND REGULATORY AFFAIRS, ATTENTION DESK OFFICER FOR DOT/USCG, OLD EXECUTIVE OFFICE BUILDING, WASHINGTON, DC 20503.

## CERTIFICATION OF SERVICE

This is to certify that the foregoing AFFIDAVIT was mailed and/or faxed on this date to the following:

> James J. Schultz, Esq.
> LAW OFFICES OF JAMES J. SCHULTZ
> 164 Belridge Road
> New Britain, Connecticut 06053
>
> Robert K. Marzik, Esq.
> LAW OFFICES OF
>  ROBERT K. MARZIK, P.C.
> 1512 Main Street
> Stratford, Connecticut 06615
>
> FRANKLIN LORD, *Pro Se*
> 177-A Bimini Drive
> Palmetto, Florida 34221

Dated: New York, New York
April 28, 2004

_____
DAVID R. HORNIG
CT Bar No.: ct06120

X:\Public Word Files\1\379\Legal\CERTIFICATE OF SERVICE-DRH.md.doc