UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

FILED

2004 APR 30 P 1: 57

U.S. DISTRICT COURT
HARTFORD, CT.

......................................................x

COMMERCIAL UNION INSURANCE
COMPANY,

Plaintiff,

Civil No. 3:03 CV 1046 (AWT)

vs.

April 19, 2004

FRANKLIN LORD and
SHARON SHUMAN

Defendants.

......................................................x

DEFENDANTS' FRANKLIN LORD and SHARON SHUMAN
MEMORANDUM OF LAW

JAMES J. SCHULTZ, ESQ.
Counsellor at Law
164 Belridge Road
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................1

PRELIMINARY STATEMENT ...........................................2

DISPUTED ISSUES OF MATERIAL FACT ......................................3

POINT I ........................................................................4

  CHOICE OF LAW

POINT II

  THE DOCTRINE OF UBERRIMAE FIDEI OR

  UTMOST GOOD FAITH IN MARINE INSURANCE ....................4

POINT III

  DEFENDANT DISCLOSED PURCHASE PRICE

  AS ACCURATELY AS POSSIBLE ...............................................6

POINT IV ........................................................................9

  DEFENDANT ACCURATELY DISCLOSED THE

  COAST GUARD ASSIGNED VESSEL YEAR AND

  THE HULL NUMBER AND ENGINE SERIAL NUMBER

POINT V ........................................................................11

  DEFENDANT PROVIDED ACCURATE

  DOCUMENTATION OF VESSEL

  CONCLUSION ....................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Albany Ins. Co. V. Horak, 1994 A.M.C. 273 (E.D.N.Y. 1993) ....................8

Btesh v. Royal Ins. Co., Ltd. Of Liverpool, 49 F.2d 720 (2d Cir. 1931) ........5

Certain Underwriters at Lloyd v. Montford, 52 F.3d 219 (9th Cir. 1995) .......7, 10

Cusano v. Continental Cas. Co. 2002 A.M.C. 1499, 2002 WL. 31414126,

(D.Conn.) ................................................................................9

Hartford Insurance Company v. Garvey, 1989 A.M.C. 652, 1988 WL.

185880, 6 (N.D. Cal. 1989) .......................................................7

Knight v. U.S. Fire Ins. Co., 804 F2d. 9 (2d Cir. 1986) ................................5

Pacific Ins. Co. V. Kent, 120 F.Supp. 2d 1205 (C.D. Calif. 2000) .................9

Rocco v. Continental Insurance Company, 2003 A.M.C. 1237, 2003 WL

21235478 (Conn.Super.) ............................................................7

Royal Insurance Company of America v. Fleming, 1986 A.M.C. 2077

(M.D. Fla 1985) .........................................................10, 11

1
2

## PRELIMINARY STATEMENT

3
Plaintiff contends that material misrepresentations of fact and non disclosure

4
Of material facts voided the contract for insurance ab initio.  Defendants

5
Contend that the insurance was applied for in accordance with standard

6
Practice and disclosure in the marine sector and that there were no

7
Misrepresentations of fact or non disclosure that induced the Plaintiff

8
9
To issue an insurance policy that would not otherwise have been issued.

10
The circumstances of Defendant, the vessel, and the insurance application

11
ought to be treated as unique.

12
Defendants Frank Lord and Sharon Shuman purchased a partially completed

13
Kantor sailing vessel from a private individual in Virginia. It had never been in use.

14
Lord who served in the Navy is a Merchant Marine Master/Captain and has

15
extensive  marine experience.  He shuttled the vessel by water to Rhode Island

16
17
where is was removed from the water, completed in 4.5 years, properly documented with

18
The Coast Guard who assigned it a model year and launched for the first time as new

19
Along with a new Perkins Diesel engine which had only been used to shuttle the

20
Vessel from Virginia and was new.  Defendants acquired insurance disclosing

21
Information and documentation provided by the Coast Guard and sailed the vessel

22
23
For 2 years before it sank after an engine room fire.  Plaintiff refused to pay the

24
Claim and filed this action.

25
26
27
28

2

DISPUTED ISSUES OF MATERIAL FACT

1. This is a unique case where the completion of a Kantor vessel took 16 years And this was reflected as fully, accurately and honestly as possible on the Insurance application (Lord Tr. 8, Ofstein Aff.).

2. Defendants were objective in researching the value of the vessel and could not Accurately use a different figure as the purchase price on the application (Lord Tr. 24,69, Ofstein Aff.).

3. Defendants could not put $48,000.00 the price of the partially completed vessel As the purchase price on the application as that would have been a misrepresentation And an under valuation of the vessel (Lord Tr. 41,42, Ofstein Aff.).

4. There was no deception in reflecting $450,000.00 as the purchase price (Lord Tr. 24,60, Ofstein Aff.).

5. The original hull certificate issued by Kantor to Lord and required by the Coast Guard for documentation properly caused that document to reflect that The vessel was accurately called a Kantor built in Ontario (Lord Tr. 159,160).

6. The Coast guard documentation reflected the completion and maiden launch Date of the vessel as 2000 (Lord Tr. 160-162).

7. The vessel by its unique nature is a high end vessel which is sold by Kantor In individual degrees of completion and finished in any variety of ways for or by The purchasers. Its remains a Kantor built in Ontario for documentation purposes And it is not a production unit built identical to others at one time and place (Ofstein Aff.).

3

8. Defendants disclosed the hull number and therefore the year 1984 and the

Documentation disclosed the date of completion and launch in 2000.

There had been no survey and the insuror sought no further information (Lord

Tr. 58,63).

9. The engine was a new Perkins marine diesel and disclosed as such while the

Disclosed serial numbers provided manufacturing details (Lord Tr. 57,58,66,

Ofstein Aff.).

10. Defendant Lord had extensive marine experience as a civilian and in the Navy

And Merchant Marine (Lord Tr. 5-9).

11. Shuttling the partially completed vessel, from Virginia to Rhode Island took

30 hours without incident, did not render the vessel used (Lord Tr. 142).

12. All applicable information as requested in the insurance application was provided

By Defendants as accurately and honestly as possible (Lord Tr. 165-169).

## POINT I

## CHOICE OF LAW

Defendants do not contend with the choice of law outlined by Plaintiff.

## POINT II

## THE DOCTRINE OF UBERRIMAE FIDEI

## UTMOST GOOD FAITH IN MARINE INSURANCE

Defendants do not contend with the application of uberrimae fidei

But do contend with the allegation that material facts were misrepresented

Or not disclosed and look to uberrimae fidei to be properly applied to both parties.

4

In Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 13 (2d Cir. 1986) cert. denied, the Court

Is specific when it points out "The standard for disclosure is an objective one, that is,

whether a reasonable person in the assured's position would know that the particular

fact is material. Btesh v. Royal Ins. Co., 49 F.2d 720, 721 (2d Cir. 1931).

In the present case the Defendants disclosed the Hull number which indicates the

Year of the Hull and the engine serial number. The year assigned by the Coast Guard

at their discretion was a year 2000 vessel because that was the completion and first

launch date. This was properly disclosed with the Coast Guard paperwork to the

Plaintiff. "To be material,   the fact must be 'something which would have

controlled the underwriter's decision" to accept the risk. Id.

The Plaintiff in the face of evidence that

The value of the vessel was accurately disclosed does not demonstrate why

The risk would not have been undertaken. The level of workmanship is demonstrated

By the fact that the vessel was in use for 2 years with naval and merchant

Marine personnel sailing it.

The deposition of the Defendants and the affidavit of Ofstein make clear

that Frank Lord answered the insurance application accurately and honestly

And provided the Plaintiff with Coast Guard documentation, gained only by

Providing the required original hull certificate from Kantor the builder of

The hull to the Coast Guard. Defendant provided Plaintiff with the correct

Hull number and engine serial number. It is not clear how the Plaintiff could

Be in the business of insurance in the marine sector and deny knowing the

5

Detailed and specific information contained in the two sets of numbers.

Both the hull and the engine were new at the time of the application and

Not home built, renovated or rebuilt to new condition.  It would have been

Misleading to describe them in any other manner.  Lord could not legally

Describe the hull as home built to either the Coast Guard or the insurer.

The Coast Guard properly called the vessel a Kantor and  assigned it a year

Reflecting its completion and maiden launch date.

## POINT III

### DEFENDANT DISCLOSED PURCHASE PRICE AS

### ACCURATELY AS POSSIBLE

In paragraph 19. Of the Complaint, the Plaintiff states that the Defendant

paid $48,000.00 for the vessel.  This was the purchase price of the hull

Or the partially completed vessel.  If Defendants had put it on the application

For insurance, coverage could be denied upon the claim since it greatly

Undervalued the risk.  It would not have reflected the $240,000.00

Plus and the 12,000 hours of labor all of which accrued to the value of

The vessel when launched new after 4.5 years of completion.  The $250,000.00

Figure given in deposition (Lord Deposition transcript page 41 and onward)

was explicitly not all inclusive.  The $450,000.00 purchase price was not

Subjectively arrived at but determined objectively by an internet search and

Comparison of like vessels (Lord Deposition transcript page 60 and Ofstein

Affidavit).  To represent less again would be an undervaluation.

6

In Certain Underwriters at Lloyd v. Montford, 52 F.3d 219 (9th Cir. 1995) the insured

represented a purchase price of $925,000.00 while the actual price was less than

$500,000.00.  In addition the insured affirmatevely misrepresented a loss on a

Prior vessel and the age of the vessel which according to its documentation

Was in full use in 1980 although it was represented that it was a 1983 vessel.

This fact scenario is entirely different than the case before this court in that

The documentation as to the launch date of the boat and the date of the hull

And engine were provided and there were no blatant affirmative, purposeful

Misrepresentations.  In the instant matter, the Defendants are honest, reputable

And reasonable and acted consistent with those qualities.

In Rocco v. continental Insurance company, 2003 A.M.C. 1237, 2003 WL 21235478

(Conn.Super.) The insured misrepresented that he paid $125,000.00 for a vessel

When he actually paid $65,000.00.  Rocco gave four different date of loss by theft

Dates on four different documents, violated the cooperation clause after the loss

By not providing available documents and violated the cruising limits clause.

On page 1242, the court relates "Stamford police found that the information

Provided [by Rocco was]...so inconsistent and suspicious that they decided to conduct

an investigation [of Rocco].  And on page 1246 the court referring to Montford

States "Under these circumstances the vessel's purchase price is unquestionably a

Fact material to the risk."  This case reflects a broad range of dishonesty on the

Part of the insured which affected the risk but distinguishes it from the present matter.

In Hartford Insurance Company v. Garvey, 1989 A.M.C. 652, 1988 WL 185880, the

7

court relates an over valuation of a vessel with a represented price of $150,000.00

After the insured hid a survey placing the true value at $112,000.00. The vessel

Had been purchased in a business venture and exhibited (in violation of a policy

Clause) by racing it in Ensenada, Mexico. It was misrepresented as a pleasure

Boat and insured as such after the insured hid the fact that it had prior Dealer

Insurance policy coverage. The court on page 659 points out that the difference

In value was unsubstantiated and that the boat had never been documented or

Registered and that this increased the risk because after the theft it was more

Difficult to identify and recover. Once again these facts decidedly stray from

Those of honest Defendants giving accurate information and full documentation

In circumstances void of culpable and suspicious acts and./or omissions.

In Albany Insurance Company v. Horak, 194 A.M.C. 273, 1993 WL 269620

(E.D.N.Y. 1993) the insured failed to accurately disclose what he paid for a

Boat and that he purchased it after an accident which put a hole in the bottom

And did structural damage to the hull. The insured added a subjective

Restoration figure and also claimed there was no prior loss history.

Horak misrepresented the market value by 600%, misrepresented the speed

Of the relatively fast power boat. The court noted on page 280, wilful misconduct

Leading to the theft and failure to cooperate under the policy.

Once again, this does not rightfully compare to our Defendants who purchased

A steel hull in perfect condition and meticulously completed a sailing vessel to

Document and effect its maiden launch.

8

In Cusano v. Continental Cas. Co., 2002 A.M.C. 1499, 2002 WL. 31414126

(D.Conn.), the insured replaced the engines in a power boat that had sunk.

Cusano expected the insurer to cover the cost of the new engines after another

Accident but had never disclosed the replacement to the insurer thus

Under valuating the risk.  Circumstances and facts do not bear resemblance

To the matter before the court except that under valuation can be pointed

To by an insurer as misrepresentation.

In Pacific Insurance Co. V. Kent, 120 F.Supp. 2d 1205 (C.D. Calif. 2000) the

Defendant represented a subjective view of the market value of the boat as the

Purchase price.  He paid $300,000.00 it was surveyed at $300,000.00 but he

Arbitrarily placed it at $500,000.00.  The court found false representation

In the purchase price, the insurance cancellation history and that the insured

Represented that he had 30 years of boating experience when actually he had

Only 3.  In the present matter the purchase price figure was not arbitrary,

Subjective or over valued.  There was no misrepresentation of insurance

History or boating experience.


POINT IV

DEFENDANTS ACCURATELY DISCLOSED

THE COAST GUARD ASSIGNED VESSEL YEAR

AND THE HULL NUMBER AND ENGINE SERIAL NUMBER

Defendant Frank Lord provided an original hull certificate to the Coast Guard

9

As required to document the vessel.  The Coast Guard assigned a 2000 year

Model date to the vessel as the date it was completed and launched.  Lord

Provided the Coast Guard documentation to the insurer along with the

Accurate hull number which indicates the exact year of the hull and

The engine serial number.

In the Montford matter, the boat had been documented and in full use in 1980

But the insured represented that it was remodeled or renovated in 1983 and

Called that the model year.  Lord's vessel was completed, documented and

Launched in 2000 and he represented this along with providing

The hull number and engine serial number.  He did not over valuate the

Vessel.  On page 222 (Montford 52 F.3d 519) the court points out

That a survey showed the vessel complete and afloat in 1980 and

A certificate  of documentation showed the vessel was built in 1980.

On the same page, "Montford does not dispute that the age of a vessel is

A fact material to the risk of a marine insurance policy.  Particularly

When taken together with the omissions and misrepresentation detailed

Above...".  The court refers to the insured misrepresenting a prior loss

On a previously owned vessel in response to a direct question, nearly doubling the

Purchase price and value, misrepresenting the documented year of the boat and

Breaching the cruising limits of the contract.  These surrounding circumstances

Do not exist in the present matter.

In Royal Insurance Company of America v. Fleming, 1986 A.M.C. 2077

10

1

2  (M.D. Fla. 1985), Fleming claimed he owned a boat he leased and insured as

3  A 1983 with a value of $45,000.00 when it actually was a 1971 and owned by a

4  Corporation.  A surveyor after the loss said it was in a poor state of repair

5  And the court noted that Flemings actions were suspicious after the loss.

6  This is not like the present matter which reflects a new boat launched for the

7  First time after proper documentation by an honest owner and properly valued.

8

9  POINT V

10  DEFENDANTS PROVIDED ACCURATE DOCUMENTATION

11  OF THE VESSEL

12

13  The Defendants purchased a new Kantor hull from the original owner, shuttled

14  It to Rhode Island and completed it.  It cannot be portrayed accurately as a

15  Home built.  It was shuttled in a 30 hour trip directly to Rhode Island which

16  Cannot be accurately portrayed as being in use.  The vessel will always be

17  A Kantor because that is the make of the hull.  It cannot accurately be

18  Called something else.  The Coast Guard documentation reflects the

19  Original hull certificate obtained by Lord from Kantor.  A steel hull

20  properly primed as here, note pictures have been provided to the

22  Plaintiff, does not deteriorate.  There is no valid question about the

23  New condition of the vessel.  Lord answered the application questions

24  As a reasonable and honest person and provided documentation which

25  Made clear the year of the hull.  The serial number of the engine contained

26

27  The similar information on the manufacture of the engine and the

11

28

Coast Guard documentation indicated the completion date and maiden

Launch date. There ought to have been no question as to this information.

The vessel had not been surveyed but no survey was requested. Lord

Disclosed a 2000 Kantor with a 1984 hull. This counsel submits made

Up full and accurate disclosure. This is also not a production vessel which

Is manufactured in identical units and sold as such. Vessels are ordered

Individually from Kantor and outfitted individually according to the

Order placed by the purchaser. They are sold by Kantor accordingly

In different stages of completion. Counsel suggests that this is well known

In the marine sector. Kantors take a lengthy time to complete compared to

Smaller boats which are the product of identical production runs. If

The plaintiff required a survey it would have simplified matters but

Plaintiff did not. Defendant did not hide a survey nor did they portray

The vessel as more or less valuable than it was. This was not a restoration

Or remodeling. Defendant meticulously completed the boat and documented it.

The plaintiff cites cases distinctly different from the present matter

Which describe dubious individuals and often dubious circumstances of

Loss often by theft. What makes the present matter unique is that here

Reputable and honest Defendants acted reasonably in disclosure to the insurer.

Counsel submits with due concern that when a insured gives a documented

Coast Guard assigned year 2000 and an accurate hull name and number

The last two digits of which indicate precisely the year the hull was made

12

1    1984.  Defendant researched the value of a like 49' Kantor and could

2    Not properly under value the vessel as worth the cost of the hull alone $48,000.00.

3    He accurate gave the objective value as the purchase price.  There is evidence

4    In the form of the Ofstein affidavit that the vessel was built to higher standards

5    Then one would expect from Kantor and reason for that statement.  It is not

6    Arbitrary or unsubstantiated.  There is reason to believe that if the vessel

7    Had been surveyed and a complete history written out and submitted to

8    The Plaintiff, it would have been insured for the same amount at the same

9    Premium.  Counsel submits that this is not mere speculation and prays

10   The court for the opportunity through evidence to demonstrate this.

11   Defendant had no option but to accurate disclose the vessel as a Kantor

12   Built in Ontario as related on the hull certificate.  He could not call it

13   An old home built and insure it as such without being misleading.  Lord is a

14   Merchant marine officer and a delivery captain who delivers vessels

15   Professionally.  The original purchaser of the vessel was deposed as

16   Was the broker of the sale to Lord and Shuman who were deposed

17   James Ofstein another Merchant Marine officer gives an affidavit.  All

18   The above are consistent in their representation that it was as new.

19   Ofstein saw the vessel in various stages of completion and sailed

20   On it on an extended voyage.  There is available evidence of accuracy

21   And honesty on the part of the Defendants.  No case cited by the Plaintiff

22   Relates similar facts or circumstances.

13

1

2

CONCLUSION

3    There exist material issues of fact in dispute that if decided in favor

4    Of the Defendants would reasonably render a jury verdict in their favor.

5    Defendants pray the court for the opportunity to be heard as a unique

6    Case and not categorized within cases reflecting shady individuals and

7    Dubious circumstances where they and this matter do not fit.  They

8
9    Respectfully submit that the Plaintiff has not established as a matter

10   Of law that they or this case is unworthy of its day in court.

11

12   THE DEFENDANTS  FRANKLIN LORD AND SHARON SHUMAN

13                                       By: _____

14                                              James J. Schultz, Esq.
                              14

15

16

17

18

19

20

21

22

23

24              JAMES J. SCHULTZ, ESQ.
                    Counsellor at Law
25                  164 Belridge Road
                  New Britain, CT 06053
26        Fed. Bar CT17043 / Juris No. 308265
          Ph: 860 224-7275 / Fx: 860 229-6182
27        Email: www.Counselor1923@aol.com

28

1

2

CERTIFICATE OF SERVICE

3
This is to certify that a copy of the foregoing DEFENDANTS' FRANKLIN LORD

4
AND SHARON SHUMAN MEMORANDUM OF LAW was sent via first class,

5
Prepaid, U.S. post this 19th day of April, 2004 to the following:

6
Robert K. Marzik, Esq.

7
LAW OFFICES OF ROBERT
K. MARZIK, P.C.

8
1512 Main Street
Stratford, CT 06615

9

10
David R. Hornig
NICOLETTI HORNIG CAMPISE SWEENEY & PAGE

11
Attorneys at Law
Wall Street Plaza

12
88 Pine Street
New York, NY 10005-1801

13

14
Franklin Lord
177-A Bimini Drive

15
Palmetto, FL 34221

16
Dated at New Britain, CT April 19, 2004

17

18
15                 James J. Schultz, Esq.

19

20

21

22

23

24
JAMES J. SCHULTZ, ESQ.

25
Counsellor at Law
164 Belridge Road

26
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265

27
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com

28