UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

**FILED**
2004 APR 30  P 1:58
U.S. DISTRICT COURT
HARTFORD, CT.

..................................................x

COMMERCIAL UNION INSURANCE
COMPANY
        Plaintiff,

Civil No. 303 CV 1046 AWT

vs.

FRANKLIN LORD and
SHARON SHUMAN
        Defendants.

April 19, 2004

..................................................x

LOCAL RULE 56(a) 2 STATEMENT*

Defendants FRANKLIN LORD and SHARON SHUMAN, by their legal counsel,

JAMES J. SCHULTZ, ESQ. Contend that the following facts are either agreed upon

Or   disputed:

1. Admitted  (Complaint 4 , answer 4 ).

2. Denied  (Letter 11/10/03 sent to Court and all parties gave their new address).

3. Admitted  (Complaint 6, answer 6).

4. Admitted  (Complaint 7, answer 7).

5. Admitted  (Complaint 8, answer 8).

6. Admitted  (Complaint 9, answer 9).

7. Admitted  (Defendants' Counter Claim 9, Plaintiff's answer to counter claim

   9, Exhibit "B" to Complaint).

*Federal Rules of Civil Procedure Rule 6(e) allows an additional 3 days beyond the
21 days allowed to respond to the 56(b) motion because it was received by mail.

8. Admitted noting that cancellation had only to do with gaining the premium. (Complaint 11, answer 11).

9. Admitted (Lord Deposition Tr. P.69; Shuman Tr. P. 19, 31).

10. Admitted noting there was no valid reason to contact the plaintiff (Complaint 13, Answer 13).

11. Admitted (Complaint 14, answer 14).

12. Admitted (Complaint 15, answer 15).

13. Admitted (Complaint 16, answer 16).

14. Admitted (Complaint 17, answer 17).

15. Admitted (Complaint Exhibit "A", Complaint 19, answer 19 which points out that This included $48,000.00 for the hull which represents only a fraction of the cost Of the completed vessel) in part. Denied as to any implication of impropriety (Complaint 19, answer 19).

16. Admitted (Lord Deposition Tr. 56, 57, Lord Deposition Exhibit 23, Messina Deposition Tr. 39).

17. Admitted in part (Complaint Exhibit "A", Lord Deposition Tr. 56, Hornig Affidavit Exhibit "A". Denied as to any impropriety November 17, 2000 represented the Completion date by which all purchases of material and all labor had been Applied (Complaint 20, answer 20).

18. Admitted (Lord Deposition Tr. 56-57, Lord Deposition Exhibit 23, Messina Deposition Tr. 39).

19. Admitted (Complaint Exhibit A, Hornig Affidavit Exhibit 6, Lord Tr. 52-54,62).

2.

20. Admitted (Messina Tr. 9-10,16-25,31,36,39) in part. Denied as to any impropriety Since the Hull was built by Kantor, the boat is referred to as a Kantor and the Correct Hull number on the insurance application indicates the year the hull was Made (Lord Deposition Tr. 58,59, Affidavit of James D. Ofstein).

21. Admitted in part that the Defendant did not purchase the vessel from Kantor (Lord Tr. 37). Denied in part that it is still correctly described as a Kantor (Lord Tr. 24).

22. Admitted (Messina 9-36, Lord Tr. 24-27)

23. Admitted (Complaint Exhibit "A", Lord Tr. 56-57).

24. Admitted in part (Messina Tr. 10, 31), Denied in part Defendant correctly Told the insurance broker that the engine was "new" because it only had Incidental hours of use (Lord Tr. 56, 57).

25. Admitted (Compliant Exhibit "A", Lord Tr. 47,48).

26. Admitted in part (Messina Tr. 9-39, Lord Tr. 24-34, 42-47, 149-153) Denied in part since the hull was built by Kantor, it is still properly Called a Kantor (Lord Tr. 159,169, 167, 168).

27. Admitted in part (Lord Tr. 8). Denied in part Lord did have experience Working on boats (Lord Tr. 8,9).

28. Admitted (Lord 21).

3

29. Admitted in part (Lord Tr. 48). Denied as to implication of impropriety

   Because most vessels of this type are custom made to varying degrees

   And described by virtue of the manufacturer of the Hull without

   Further detail. The proper paperwork was provided to the Coast Guard

   Who give a certificate describing the vessel (Lord Ter. 166-168).

30. Admitted in part (Lord 34, 62-3). Denied as to implication of

   Impropriety as this did not diminish the value of the vessel

   (Lord Tr. 166)

31. Admitted in part (Lord Tr. 21,48,66-67,69). Denied in part,

   Because he gave an accurate figure as to the value (Lord Tr. 60-61).

32. Admitted in part (Lord Tr. 62-63, 66-69). Denied in part,

   Because he gave an accurate figure as to the value (Lord Tr. 60).

33. Admitted in part (Lord Tr. 63,63,66,67,69). Denied as to implication

   Of impropriety because this did not affect the value or condition of

   The vessel or the "risk" (Lord Tr. 24, 60,61).

34. Admitted in part (Lord Tr. 63, 69). Denied as to implication of

   Impropriety because this did not affect the value or condition of

   The vessel or the "risk" (Lord Tr. 24, 60,61).

35. Admitted in part (Lord Tr. 63,67, 69). Denied as to implication of

   Impropriety because there is no description of how this "fact"

   Diminished the value of the vessel or increased the "risk"

   Of insuring it.

4

36. Admitted (Lord Tr. 37-39, 55-58).

37. Admitted in part (Lord Tr. 37-39,55). Denied as to implication

Of impropriety because it was a "new" engine with only

Incidental hours of use (Lord Tr. 169).

38. Admitted in part (Lord Tr. 48,49,69). Denied as to implication of

Impropriety because there is no description of how this "fact"

Diminished the value of the vessel or increased the "risk" of insuring it.

39. Admitted in part (Lord Tr. 24, 47-49,52-54,63). Denied in part

Because there is no description of how this "fact" diminished the

Value of the vessel or increased the "risk" of insuring it.

Defendant is provided the required information to the Coast Guard

Accurately. The Coast Guard then provided the official documentation

For the vessel which documentation controlled and made

Accurate, Defendant Lord's representations to the Plaintiff insurer

(Lord Tr. 167-170).

Defendants by,

*James J. Schultz, Esq.*

5

JAMES J. SCHULTZ, ESQ.
Counsellor at Law
164 Belridge Road
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing LOCAL RULE 56(a) 2 STATEMENT was sent via first class, prepaid, U.S. Post this 19th day of April, 2004 to the following:

Robert K. Marzik, Esq.
Law Offices of Robert K. Marzik, P.C.
1512 Main Street
Stratford, CT 06615

David R. Hornig
NICOLETTI HORNIG CAMPISE SWEENEY & PAGE
Attorneys at Law
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801

Franklin Lord
177-A Bimini Drive
Palmetto, FL 34221

Dated: New Britain, CT April 19, 2004

James J. Schultz, Esq.

6

JAMES J. SCHULTZ, ESQ.
Counsellor at Law
164 Belridge Road
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com