UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

COMMERCIAL UNION INSURANCE COMPANY,

        Plaintiff,

vs.

FRANKLIN LORD and SHARON SHUMAN,

        Defendants.

-----------------------------------------------------------x

Civil No. 3:03 CV 1046 (AWT)

May 26, 2004

Defendants FRANKLIN LORD and SHARON SHUMAN

SUPPLEMENTAL MEMORANDUM OF LAW

IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

JAMES J. SCHULTZ, ESQ.
Counsellor at Law
164 Belridge Road
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................3

PRELIMINARY STATEMENT..........................................................................4

POINT I..................................................................................................................6

    DEFENDANTS DID NOT MISREPRESENT THE VESSEL IN THE

    IN THE APPLICATION FOR INSURANCE

POINT II................................................................................................................9

    AFFIRMATIVE DISCLOSURE BY THE APPLICANT LEAVES THE

    INSURER WITH THE OPTION TO INVESTIGATE

POINT III.............................................................................................................11

    OFSTEIN RELATES FIRST HAND KNOWLEDGE IN HIS AFFIDAVIT

    AS A FACT WITNESS

CONCLUSION....................................................................................................12

## TABLE OF AUTHORITIES

Puritan Insurance v. Eagle Steamship 779 F.2d 866 (1985)..................................................6

King v. Aetna Insurance Co., 54 F.2d 253 (2nd Cir. 1931)..................................................7

Hartford Insurance Co. v. Garvey, 1998 AMC 652, 1988 WL 185880, 6 (N.D. Cal. 1989).7

Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F.Supp2d 405,(S.D.N.Y.1984).7

Sun Mut. Ins. co. v. Ocean Ins. Co., 107 U.S. 485 (1883)......................................................9

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2nd Cir. 1986)........................................................9

PRELIMINARY STATEMENT

Defendants Franklin Lord and Sharon Shuman by their counsel respectfully submit this reply supplemental memorandum of law in opposition to Plaintiff's motion for summary judgment contending that Defendants did not misrepresent their vessel in their application for insurance. Defendants' position is discussed at length in its statement of facts in opposition to the motion for summary judgment and its prior memorandum of law. Defendants contend that the vessel was new as opposed to used and that they acted in accordance with common practices in the marine sector in describing their vessel as a Kantor because the hull was made by Kantor in Ontario. The value of the vessel goes beyond the price of the materials involved even when 100% completed by Kantor and it was accurately disclosed to Plaintiff. It could not be described as a home built although to do so would undervalue it and reduce the premium.

The Court is respectfully referred to Defendants' principle brief for its main arguments as to the propriety of Defendants' application for insurance and representations on that application. Defendants filled out the application as accurately as possible disclosing the hull number which indicates the hull, the single largest and most essential element of the vessel, was built by Kantor in 1984 in Ontario. Defendants could not accurately say it was a 1984 Yatch built by Lord in Rhode Island and worth $48,000.00 the price of the hull. This is a fraction of its actual worth and an undervaluation which decrease the premium not increase it as the opposition contends. Accurate information was given to the Coast Guard including an original hull certificate from Kantor which indicated the hull was built by Kantor in 1984 in Ontario and that the vessel was completed and first launched in 2000. The Coast Guard documentation was given to the Plaintiff along with the hull number and the engine serial number which contain details of manufacture. The sale price and value of $450,000.00 reflected the Defendants' research into the fair market value of the vessel and Plaintiff questioned them in deposition as to this figure.

Plaintiff relates that their internal guidelines require a survey of boats over 10 years old

-4-

but although the hull number on the application is clear and prominent and ends with the year of the hull 84, they did not survey the boat. Defendants contend that this information in the application was overlook, ignored or ignored because a 10 year old used vessel is different from a vessel which took over 10 years to complete and is new. A vessel which has been in use for 10 years is not new and the extent of risk is unknown because the extent and circumstances of its use as well as the extent of its maintenance are unknown.*

Defendants do not contend as indicated by Plaintiff that lack if intent to deceive is ultimately operative in this matter, Defendants do point out that in the great majority of the cases cited by Plaintiff in their first brief contain the intent to deceive in both the application for insurance and in the suspicious circumstances of the loss. Under those circumstances, the insurer was not burdened with proof of intent to deceive. Defendant points out that intent to deceive is not present in this matter nor are suspicious circumstances or shady insured parties. Defendants described their vessel and engine as new because they were not used. Plaintiff characterize Ofstein who gives an affidavit in support of the Defendants as an expert and contend he was not disclosed as an expert. Defendants disclosed Ofstein from the onset as a fact witness because he has first hand knowledge of the completion of the vessel in question, sailed on it on multiple occasions and has first hand knowledge of a similar Kantor Yacht, its value and the price for which is was sold. The Plaintiff insurance company did in fact contact Ofstein after the depositions of Defendants and questioned him on the telephone. Defendant reserves the right to move to disclose him from this point on as an expert and make him available for deposition. That will be a separate pleading.

*Plaintiff contends that the hull was 17 years old on pages 1 and 3 of their preliminary statement and 19 years old in the April 28, Hornig affidavit. It was 16 years old when first launch for its intended use and counsel does not want the Court to be misled by typograhical error.

-

1  The fact that Defendants gave accurate information which accurately reflected the
2  extent of risk in surrounding circumstances void of deception and suspicion distinguish
3  this matter from the cases cited and make the matter worthy of hearing.
4
5                                      POINT I
6
7  Defendants do point out a lack of intent to deceive but it is not the center of their
8  opposition to the motion for summary judgment. Defendants also point out that deception
9  and suspicious circumstances in both application for insurance and in the loss which formed
10 the basis for the majority of cases cited by Plaintiff in their original brief and responded to
11 in Defendants' primary brief. Defendants claim that the case at hand is unique and that Defendants
12 gave accurate information to the Plaintiff that accurately reflected the risk involved.
13 The case of Puritan Insurance v. Eagle Steamship 779 F.2d 866, is cited by both
14 parties. At page 870 it is stated that to void the policy undisclosed facts must be not only
15 material but relied upon and would have controlled the insurer's decision. At page 868
16 it states that the Plaintiff failed to prove they would not have issued the policy had
17 all the facts been disclosed. In the present case it is a matter of fact whether Defendants
18 provided information which accurately portrayed the risk. At page 871, the Court cites
19 M. Mustill & Gilman, Arnould's Law of Marine Insurance and Average section 646,
20 at page 493 (16th ed. 1981), minute disclosure of every material circumstance is not required
21 beyond being sufficient to call attention in such a way that if further information is
22 desired, the insurer can ask for it. At present, the insurer was given the year of the hull
23 and completion and accepted and insured the vessel as new. Even in dissent Cir. Judge
24 Cardamon concedes that an underwriters absolute right to demand disclosure of
25 material facts may be waived by its neglect to investigate certain facts when a basis for
26 inquiry is raised by the information communicated.
27 Defendant does center its opposition to lack of intent to deceive but rather demonstrates
28 a lack of deception. The Plaintiff was given the hull number which ended in 84 and the

- 6 -

1  engine serial number which gives detailed manufacturer information and the Coast Guard
2  documentation which reflects the completion and launch date (the year of the vessel) as 2000.
3  The application is exceedingly simple and this information is obvious when one views
4  the document. Naturally, the Defendant cannot be charged with knowledge of Plaintiff's
5  internal International Marine Underwriter's General Rule which requires a survey of
6  a vessel over 10 years old. It is questionable as to whether a new vessel would fall
7  under this rule or whether it is meant for used vessels and would not apply. A vessel
8  that took 10 years to complete is not the same as to risk as a vessel which had been used
9  for 10 years. Either way the Plaintiff ignored the information disclosed or their general
10 rule or both. The point is that the hull age and engine age was disclosed and these were
11 only elements in new condition that were use in completing a new vessel. In King v.
12 Aetna Insurance Co., 54 F2d 253 (2nd cir. 1931), the insured over valued the boat 16 times
13 its actual value with no explanation of how he reached the figure. There was an improper
14 anchorage and a suspicious fire. These culpable facts do not exist in the instant case.
15 In Hartford Insurance Co. v. Garvey, 1998 AMC 652, 1988 WL 185880 (N.D. Calif.);
16 the insured misrepresented the value of the vessel and hid a prior survey. The vessel fell
17 under an exclusionary clause because it was insured as a private pleasure boat but was
18 raced in exhibition by the insured a concern that sold boats for profit. The boat was
19 not registered or documented for identification then reported stolen. The fact of prior coverage
20 under a dealer policy was purposely hidden from the insurer. This case distinguishes itself
21 bearing no resemblance to the instant matter where full disclosure was made and
22 the fact question that arises is whether the disclosure was clear enough or ignored.
23 In Thebes Shipping, Inc. v. Assicurazioni Ausonia SPA, 559 F. Supp 2d 405, (S.D.N.Y. 1984)
24 the insured misrepresented the premium to loss ratio claiming there was a credit to the prior insurer
25 of 72.27% when in fact there was a deficit of 188% and one insured vessel had claims of over
26 $6,067,790.00 more than the premiums paid and nothing was disclosed to the insurer. There is no
27 misrepresentation in the instant case purposeful or otherwise. Once again the fact question
28 at present is the clarity of disclosure.

1   The hull and engine can easily be dated with the information on the application (the
2   engine was 14 years old and unused except for shuttling the boat from Virginia to
3   Rhode Island which is minimal used for a marine diesel (opposing counsel in his
4   April 28 memorandum of law refers to it at the time of the application as 15 or 16 years
5   old another likely typographical error). The hull was purchased for $48,000.00 and the
6   other elements may well totaled in price $100,000.00 dollars less than $450,000.00 but
7   this discounts thousands of hours of labor completing the boat. A pile of components
8   is worth less than a vessel with all components in place. This is true as stated earlier
9   for Kantor as well. They do not sell vessel for the price of the components. The
10  value of the boat was arrived at through research and comparison by the Defendants.
11  Defendants' witnesses can provide ample testimony to this effect. Plaintiff alleges
12  in the April 28, memorandum of law that the Defendant carefully crafted the
13  application answers to conceal facts. Defendant did nothing of the sort no more than
14  the Plaintiff carefully crafted the questions of the application to avoid possible claims
15  by using simple general questions which avoided certain specific details. Either
16  allegation would be a baseless affront to the parties. The simple and general questions
17  were answered to the best ability of the Defendant and portrayed the risk in a true and
18  accurate manner. Plaintiff cites cases which support the proposition that misrepresentations
19  which exposed the insurer to greater risk than could be known can void the policies but
20  does not convincingly evidence such is the case in the instant matter. Plaintiff refers to
21  suspicious loss and claim they have obtained documents from the Coast Guard but do not
22  evidence in any way how the loss was suspicious. The Coast Guard it appears both parties
23  agree was given accurate information which it adopted. Defendants did not command the
24  Coast Guard as to what its documentation would say, the Coast Guard sent documentation
25  to Defendants who gave it to Plaintiff. Again the year of the vessel was the year of completion
26  and maiden launch as a new vessel. The same information was represented to the Plaintiff
27  within the confines of its relatively simple application. Opposing counsel in affidavit claims
28  a conversation with the Coast Guard in which he learned Ofstein was inaccurate in his affidavit.

This ought to be the subject of testimony to learn how was Ofstein inaccurate if he was and cross examination if a fact question arises. There is no explanation of the description of the loss as suspicious. If Coast Guard document a suspicion it would seem it such evidence would be made known beyond mere unsupported comment and until it is it ought not to be accepted as true. Counsel does not cast dispersion on opposing counsel by asserting that the status of Coast Guard regulations and documentation and the accuracy of Ofstein as a fact witness and potential expert witness are questions of fact which need to be established. At this point such questions are assumed to be in favor of the non-moving party.

## POINT II

Defendant does not agree with Plaintiff's description of Defendant's position. Defendant does not assert that misrepresentations must be excused because there was no survey but rather that accurate representations ought to have triggered a survey if necessary but that this was a new vessel even if its elements were manufactured earlier the hull and engine were in new condition. Therefore Defendants contends further that a survey would not have changed the representations or the extent of risk. In Sun Mut. Ins. Co. v. Ocean Ins. Co., 107 U.S. 485 (1883) one insurance company contacted another for added insurance for and at the request of a master and owner of 1/8 of a ship. Ocean did not inform Sun that this further insurance provided double coverage and on page 487 the Court said "It is a flagrant case of over-insurance on its face and made it the pecuniary interest of the master in charge of the ship to forego and neglect the duty which he to all interested in her safety." In Knight v. U.S. Fire Ins. Co., 804 F2d 9 (2nd Cir. 1986), cert. denied, 480 U.S. 932 (1987) the insurer obtained insurance on certain statutes he was importing from Thailand as valuable antiques. The insurance was canceled on the basis that the statutes were unauthenticated and overvalued after the insurer received an anonymous tip that the insured intended to commit fraud.

- 9 -

The insured went to another insurance company and insured the statues and did not disclose the prior insurance history. Defendants contends they can evidence they did not over insure and when asked about the insurance history answered the question truthfully that there was no prior insurance coverage. The fact is the vessel was just completed and not yet launched. The circumstance of both these cases greatly diverge from the matter at hand and both contain purposeful misrepresentations and suspicious circumstances lacking in the instant matter.

The specificity of hull number and engine serial numbers if not clear are questions of fact. Defendants contend they contain dates of construction and manufacture. Even if the elements were constructed or manufacturer earlier than the completion date of the vessel, they were in new condition and did not constitute the risk involved with a 10 year old used vessel of unknown circumstances of use and maintenance. Both parties contemplated the risk involved with that of a newly completed and launched vessel. The vessel sailed for 2 years with merchant marine and naval veterans and officers aboard without incident. Lord had not worked in a boatyard but was highly experience in the marine sector, a naval veteran and merchant marine officer. The information disclosed indicated this was a new vessel according to the Coast Guard documentation issued, after all information was submitted by Defendants, which took 16 years to complete indicated by the year of the hull. The insured submitted this information to the insurer which made decisions which they attempt to reverse upon receiving a valid claim without a trial. Plaintiff did no survey after Defendant effectively disclosed it was a new vessel registered in Rhode Island which was completed 16 years after Kantor constructed the hull in Ontario. A survey would have shown this and not changed the risk. Testimony is available that the completion went to standards beyond those of Kantor.

## POINT III

James Ofstein was disclosed as a fact witness because he has firs hand knowledge of the vessel in question during its completion and launch and sailed on it for an extended voyage. He has first hand knowledge of Kantor vessels and insuring vessels and tells what he knows in his affidavit. He was not disclosed as an expert witness and whether Coast Guard regulations are other than what Ofstein knows of them through first hand experience is a question of fact. After initiation of this action and Ofstein's disclosure as a fact witness he was interview by telephone by Commercial Union who have not notice a deposition as yet. Plaintiff contends that the Coast Guard does not "assign" a year but rather "adopts" a year based on the information provided. Defendants point out that this included an original hull certificate from Kantor for the 1984 hull built in Ontario and a year 2000 completion date. Since the hull is by far the primary component in a vessel it is called a Kantor. It is inaccurate to declare Ofstein a belated, back door witness disclosed as other than a fact witness and Ofstein ought to be cross examined not disregarded.

CONCLUSION

Based upon accurate disclosure of information in the insurance application including the apparent incongruity of an 84 Kantor hull built in Ontario as the primary element in a vessel completed and registered and first launched new in Rhode Island in 2000, the Defendants ought not to be faulted. Hull number and engine serial numbers are specific. The insurer had the information, exclusive knowledge of their internal guidelines and collected premiums for 2 years. Defendants relied upon the insurance and sailed the vessel with confidence in the coverage for 2 years. The matter is worthy of its day in Court and able fact finding and determination.

With respect,

Defendants by counsel,

*James J. Schultz, Esq.*

CERTIFICATE OF SERVICE

This is to certify that the foregoing SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT was mailed on May 27, 2004 by prepaid, first class or priority U.S. mail to the following:

Robert K. Marzik, Esq.
LAW OFFICES OF
ROBERT K. MARZIK, P.C.
1512 Main Street
Stratford, CT 06615

Franklin Lord
177 A-Bimini Dr.
Palmetto, FL 34221

David R. Hornig, Esq.
NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys at Law
Wall Street Plaza
88 Pine Street, 7th Fl
New York, NY 10005-1801

James J. Schultz, Esq.

JAMES J. SCHULTZ, ESQ.
Counsellor at Law
164 Belridge Road
New Britain, CT 06053
Fed. Bar CT17043 / Juris No. 308265
Ph: 860 224-7275 / Fx: 860 229-6182
Email: www.Counselor1923@aol.com