UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF CONNECTICUT

FILED

2004 JUN 15 A 11: 21

-----------------------------------------------------------X

COMMERCIAL UNION INSURANCE
COMPANY,

Civil No. 3:03 CV 1046 (AWT)

           Plaintiff,

**AFFIDAVIT**

-against-

FRANKLIN LORD and SHARON SHUMAN

June 11, 2004

           Defendants.
-----------------------------------------------------------X

STATE OF NEW YORK   )
                               : ss.:
COUNTY OF NEW YORK )

        DAVID R. HORNIG, being duly sworn deposes and says:

        1.    I am an attorney duly admitted in New York and Texas and I am a member of NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE the attorneys for the plaintiff COMMERCIAL UNION INSURANCE COMPANY (hereinafter "Commercial Union"). I am admitted as a visiting attorney for this case in the United States District Court for Connecticut. As such I am familiar with all the proceedings in this case.

        2.    This Affidavit is submitted in support of Commercial Union's motion that the Court reject the "Defendants Franklin Lord and Sharon Shuman's Supplemental Memorandum of Law in Opposition to Motion for Summary Judgment", dated May 26, 2004 or in the alternative that the Court permit the plaintiff Commercial Union Insurance Company to submit the attached Memorandum of Law and the facts set forth in paragraphs "4" through "8" in this Affidavit.

3.  In "Defendants Franklin Lord and Sharon Shuman's Supplemental Memorandum of Law in Opposition to Motion for Summary Judgment" (hereinafter referred to as "Defendants' Supplemental Brief"), numerous factual allegations are made in an effort to create issues of fact as a basis for denying Commercial Union's Motion for Summary Judgment.[1] Numerous factual statements made in the Defendants' Supplemental Brief are not based on the Rule 56(a)1 Statement, Rule 56(a)2 Statement and the factual allegations make no reference of affidavits or deposition transcripts, which were submitted in support or opposition to the Motion for Summary Judgment. Therefore, these self-serving factual assertions should be disregarded by the Court. The Defendants' Supplemental Brief does not cite a single case that was not cited in Commercial Union's brief dated March 26, 2004 in support of the motion for summary judgment. The Defendants' Supplement Brief merely reargues points made by the defendants in their Memorandum in Opposition to Summary Judgment dated April 19, 2004. The Court should disregard and reject Defendants' Supplemental Brief which was filed approximately one month after this motion was fully submitted to the Court. The defendants did not seek or obtain leave to file a sur-reply brief and based on the fact that no newly discovered facts or new decisions relevant to the legal issues in this case have been issued there would be no valid basis for granting the defendants leave to file a sur-reply brief if leave had been requested.

4.  The Defendants' Supplemental Brief (sur-reply) on no less than four or five occasions (pages 4, 7, 8, 10 and 12) states that Commercial Union was given Coast Guard documentation by the defendants prior to the policy being issued. No reference to any affidavit, deposition or documentation or to the Rule 56(a)1 or 56(a)2 Statements support this

---

[1] The Defendants Rule 56(a)2 Statement does not include in a separate section "a list of each issue of material fact as to which it is contended there is a genuine issue to be tried" as provided for under Local Rule 56(a)2. The facts on which the motion is based are set forth in Plaintiff's Rule 56(a)1 Statement and are not disputed.

2

statement. In fact, the evidence submitted by the parties establishes just the opposite, i.e., that Commercial Union first obtained the Coast Guard documentation after the alleged loss of the WANDERLUST on April 29, 2003. Franklin Lord testified that he never sent his insurance broker any information or documentation other than the Application. (Lord Deposition, pp. 25-51). Franklin Lord and Sharon Shuman further stipulated and agreed to the statement set forth in Commercial Union's "Local Rule 56(a)1 Statement, ¶ 9", which states in pertinent part:

> Neither defendant had any communication with anyone at Commercial Union regarding the risk, the application or any other matter prior to the issuance of the policy covering the WANDERLUST.

5. After the alleged loss of the WANDERLUST, Commercial Union obtained Coast Guard documentation, including the "Certificate of Completion", which was marked Exhibit "6" to the Hornig Affidavit dated April 28, 2004. The Coast Guard documentation received by Commercial Union was issued by the Coast Guard as indicated on Exhibit "6" on "5/8/03". Commercial Union obtained Coast Guard documentation after the alleged loss of the WANDERLUST on or about April 29, 2003. (Hornig Affidavit, April 28, 2004, ¶ "7"). Contrary to counsel's unsubstantiated allegations, it is undisputed that Commercial Union never received any Coast Guard documentation regarding the WANDERLUST prior to the time that it issued the marine insurance policy to Franklin Lord and Sharon Shuman.

6. In the Defendants' Supplemental Brief there are numerous statements that the engine serial number contains details of its manufacturer (pp. 4, 7, 8 and 10), including the engine age (pp. 7 and 8). There is absolutely no support in the record before this Court to

3

substantiate these statements and, in fact, these statements are fabrications of counsel for defendants. In fact, like many assertions made in the Defendants' Supplemental Brief, the undisputed evidence before the Court is that which is to the contrary. The Application stated that the vessel had a year "2000" engine (Local Rule 56(a)1, Exhibit "A"). In fact, Lord knew that this was not true and that the engine was built prior to 1996 (Lord Transcript, 65). Furthermore, Lord had no idea what the various numeral and letters in the engine serial number signified (Lord Transcript, 58). With respect to the hull identification number, Lord testified that he did not know the significance of the numbers and letters "2KNK" or "494" (Lord Transcript, 58). Moreover, Lord admitted that he does not know if every builder in the world uses the last two numbers found in the hull identification number to identify the year that the hull was built (Lord Transcript, 59). Therefore, counsel for Franklin Lord and Sharon Shuman's repeated statements that the last two numerals or digits in the hull identification number establish the year the hull was built is speculative. [2]

      7.    The Defendants' Supplemental Brief repeatedly states without citation to any authority or to the record that Lord had to classify the WANDERLUST as a "new purchase" 2000 Kanter, purchased on "11/07/200" (Local Rule 56(a)1, Exhibit "A"). In fact, Franklin Lord and Sharon Shuman chose to identify the vessel in this matter to conceal the true facts known to Franklin Lord and Sharon Shuman, that is that the vessel was not built by Kanter, with the exception of the hull, that the vessel was built by Messina, Lord and Shuman using an '84 hull and that Franklin Lord and Sharon Shuman had purchased the partially

---

[2] Whatever grains of truth are set forth in the Application, they are so intertwined with deliberate falsehoods and misrepresentations that the only reasonable conclusion that can be reached is that the defendants did not provide Commercial Union with true and accurate material information regarding the WANDERLUST. Commercial Union had no obligation to investigate the representations made in the Application for accuracy or truthfulness or to determine which statements were partially true. Rather the defendant who knew all the material facts had the obligation to disclose them even if specific questions were not asked in the Application.

completed vessel in 1996 from Salvatore Messina in Virginia. Moreover, when Salvatore Messina advertised the partially completed vessel that he had been working on for approximately twelve (12) years, the vessel was identified in advertising as a "1984 Kanter Yacht" (Messina Transcript, 55). The Defendants' Supplemental Brief also repeatedly states that the vessel had to be identified as a 2000 Kanter because that was the year that the vessel was launched. This fact, however, is belied by the undisputed fact that in 1996 the vessel was launched in Virginia and sailed on an ocean voyage to Rhode Island (Lord Transcript, 140, 142). Moreover, at the time that voyage was conducted, Franklin Lord testified that the vessel was in a seaworthy condition (Lord Transcript, 164). The Defendants' Supplemental Brief argument that the vessel was "new" because it was relaunched after further work is belied by the fact that in 1996 the vessel was launched by Franklin Lord in a seaworthy condition and made a voyage at sea of well over 250 miles. Taken to its logical conclusion, based on defendants' analysis, every time a seaworthy vessel is taken out service and major improvements are made, the vessel could be re-launched as a "new" vessel. There is no legal authority to support such an absurd argument and no authoritative treatise or reference material are referred to that supports such an illogical and inherently spacious argument.

        8.     In the Defendants' Supplemental Brief, there are frequent statements concerning what Kanter did in connection with assigning hull identification numbers, the cost of production of yachts, the pricing of yachts and Kanter's building standards. In this action, no one from Kanter has testified, no affidavits were submitted by officers or employees of Kanter and no business records or documents prepared or written by Kanter are part of the record before this Court on this motion. Any facts or representations attributable to Kanter in the Defendant's Supplemental Brief should be disregarded.

5

9.  The plaintiff Commercial Union, by this motion, moves for an order striking and/or rejecting the Defendants' Supplemental Brief. In the alternative, the plaintiff, Commercial Union by this motion, requests that the Court consider the facts set forth in this affidavit found in ¶¶ 4 through 8.

Dated:  New York, New York
        June 11, 2004

*/s/ David R. Hornig*
DAVID R. HORNIG

Sworn to before me this
11th day of June, 2004

*/s/ Mary Ann Raarup*
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_06_

X:\Public Word Files\1\379\Legal\Affidavit.David.Hornig.6.10.04.doc

6

## CERTIFICATION OF SERVICE

This is to certify that the foregoing AFFIDAVIT was sent via first-class mail, post pre-paid on the 11th day of June, 2004 to the following:

>James J. Schultz, Esq.
>LAW OFFICES OF JAMES J. SCHULTZ
>164 Belridge Road
>New Britain, Connecticut 06053
>
>Robert K. Marzik, Esq.
>LAW OFFICES OF
> ROBERT K. MARZIK, P.C.
>1512 Main Street
>Stratford, Connecticut 06615
>
>FRANKLIN LORD, *Pro Se*
>307 Farmholme Road
>Stonington, Connecticut 34221

_____
DAVID R. HORNIG
CT Bar No.: ct06120