

(CONN - N.H)
03-CV-1046
Squatrito

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand seven.

PRESENT:
> HON. RICHARD J. CARDAMONE,
> HON. CHESTER J. STRAUB,
> HON. J. CLIFFORD WALLACE,*
>   *Circuit Judges.*



UNITED STATES COURT OF APPEALS
FILED
MAR 2 0 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

---

Commercial Union,

   Plaintiff-Appellee,

 -v.-           No. 06-0116-cv

Franklin Lord and Sharon Shuman,

   Defendants-Appellants.

---

---

 *The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

─ ISSUED AS MANDATE: 8-29-87 ─

DAVID R. HORNIG, New York, NY, *for Appellee.*

FRANKLIN LORD, Palmetto, FL, *pro se, Appellant.*

---

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is

**AFFIRMED.** Defendant-Appellant Franklin Lord's motion to amend the record on appeal is

**DENIED**.

Lord, pro se, appeals from a decision of the United States District Court for the District of

Connecticut (Dominic J. Squatrito, *Judge*), granting plaintiff's motion for summary judgment

and declaring defendants' marine insurance policy void ab initio. We assume the parties'

familiarity with the underlying facts, procedural history, and specification of appellate issues,

which we reference only as necessary to explain our decision to affirm.

This Court reviews the district court's grant of summary judgment de novo, construing

the evidence in the light most favorable to the non-moving party. See Miller v. Wolpoff &

Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). This Court asks whether the district court

properly concluded that there were no genuine issues of material fact and the moving party was

entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Miller v. Wolpoff, 321 F.3d at

300.

Lord argues for the first time on appeal that the marine insurance policy was sold in

violation of Connecticut law and that the doctrine of uberrimae fidei does not apply. However, it

is a well-established general rule that an appellate court will not consider an issue raised for the

-2-

first time on appeal. <u>Greene v. United States</u>, 13 F.3d 577, 586 (2d Cir. 1994). Lord has not

demonstrated that "manifest injustice" would result were this Court to refrain from considering

these arguments for the first time on appeal, or that these arguments present "question[s] of law

and there is no need for additional factfinding." <u>Allianz Ins. Co. v. Lerner</u>, 416 F.3d 109, 114 (2d

Cir. 2005). Thus, we decline to consider these issues on appeal.

Lord also argues that the District Court did not hold a hearing on the motion for summary

judgment in violation of Rule 56 and the United States Constitution, improperly relied solely on

affidavits and hearsay evidence, did not consider the evidence in the best possible light for the

nonmoving party, and improperly applied the doctrine of <u>uberrimae fidei</u> rather than estoppel.

Rule 56 allows judgment to be rendered based on "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits," and does not require a

hearing. <u>See</u> Fed. R. Civ. P. 56. Due process does not require a hearing on a motion for summary

judgment pursuant to Rule 56. <u>See</u> <u>Greene v. WCI Holdings Corp.</u>, 136 F.3d 313, 316 (2d Cir.

1998). Furthermore, there is no evidence that the District Court improperly relied on any

evidence presented with the motion or improperly applied the doctrine of <u>uberrimae fidei</u>, which

Lord argued did apply in the district court.

Insofar as Lord argues, pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), that

he was denied effective assistance of counsel, his claim is without merit because this is a civil,

not a criminal case. <u>See</u> <u>United States v. Coven</u>, 662 F.2d 162, 176 (2d Cir. 1981). Insofar as

Lord argues that Commercial Union's attorney perpetuated a fraud on the District Court, he has

not presented any evidence in support of this claim.

The District Court correctly concluded that Lord and Shuman made material misrepresentations on the marine insurance policy application, in violation of the doctrine of uberrimae fidei, see Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 13 (2d Cir. 1986), including the purchase date, purchase cost, and facts surrounding when and where the vessel was built and by whom, and their explanations for doing so are unavailing. Lord and Shuman bore the responsibility to reveal material information truthfully and Commercial Union bore no responsibility to infer the truth or further investigate the situation.

Accordingly, the District Court properly granted summary judgment to the plaintiff.

For these reasons, the District Court's judgment is AFFIRMED and the motion to amend the record is DENIED.

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: *Lucille Carr*

A TRUE COPY
Catherine O'Hogan Wolfe, Clerk

by
DEPUTY CLERK

-4-